**Don PATRICK, Appellant,**

v.

**STATE of Oklahoma, ex rel. STATE BOARD OF EDUCATION,
Appellee.**

**No. 78802.**

Court of Appeals of Oklahoma,
Division No. 3.

Nov. 24, 1992.

Karen L. Long, Tulsa, for appellant.

Kay Harley, Oklahoma City, for appellee.

OPINION

HANSEN, Vice–Chief Judge:

Appellant, Don Patrick (Patrick), seeks review of the trial court's order affirming an administrative Decision and Order rendered by Appellee, State Board of Education (Board). In its underlying order, Board imposed certain conditions on Patrick's continued certification as a school superintendent for a two year probationary period.

As set forth in the initial administrative Complaint filed before Board, Patrick was Superintendent of the Cave Springs School District for a portion of the school year 1987–88.[1] The complaint noted a Superin-

---

**1.** Patrick resigned effective January 22, 1988, pursuant to a settlement with the local school

tendent was, by statute [2], the executive officer of both the school district and board of education, and additionally was the administrative head of the school system.

The administrative Complaint alleged the Cave Springs School District "exceeded its appropriation for the 1987–88 school year", which, if proven, would constitute a violation of 68 O.S.1981 § 2499 [3], and establish sufficient grounds to revoke Patrick's certificate as a school administrator. The Complaint set forth as authority for revocation 70 O.S.1981 § 18–116 [4].

Board assigned the Complaint to a hearing officer. In a videotaped hearing, the Hearing Officer received testimony and exhibits from both parties and heard argument of counsel. The Hearing Officer issued a Proposed Decision of Order containing recommended findings of fact and conclusions of law, and found Patrick "is acquitted of a knowing or willful violation of the provisions of the statute regarding state aid".

The Hearing Officer recommended Patrick's certificate not be revoked, but finding Patrick's "conduct was imprudent at best", further recommended Patrick attend a superintendents' workshop.

Board considered the Complaint and Hearing Officer's proposed order at a special meeting. The meeting was called for review and possible action concerning certification status of Patrick and four other superintendents of districts exceeding appropriations, including Patrick's successor at Cave Springs. The minutes reflect Board members "had had access to video tapes of the hearings and had reviewed the findings of the hearing officers".

After hearing arguments of counsel, Board rejected the Hearing Officer's recommended action "acquitting" Patrick of a knowing and willful violation. Board substituted its own conclusion of law that Patrick "failed to perform his responsibilities and acted in an imprudent manner", but adopted the remaining findings and conclusions of the Hearing Officer.

Board did not revoke Patrick's certificate, but instead ordered Patrick placed on probation for two years. The probation was conditioned upon compliance by Patrick and any employing school district with certain requirements showing district expenditures were within appropriations.

In accordance with the procedures of the Administrative Procedures Act [5], Patrick filed a Petition for Review of Board's order in the District Court of Okfuskee County. Patrick contended Board exceeded its statutory authority by placing him on probation; that the decision was clearly erroneous in view of the reliable, material, probative and substantial competent evidence; and that the decision was arbitrary and capricious because Board ignored the recommendation of the Hearing Officer without hearing all the evidence.

Patrick asked the District Court to reinstate the Hearing Officer's conclusion that he was "acquitted" of a knowing and willful violation of the statutes regarding state aid.

By agreement of the parties, the trial court acted upon the record and briefs to the court. The trial court affirmed Board's Decision and Order, finding, among other things:

board of his wrongful termination action. That action is not directly related to the present matter.

2. 70 O.S.1981 §§ 1–116 and 5–106.

3. Section 2499, part of the Oklahoma Tax Code, has been recodified as 68 O.S.1991 § 3019, and states, in relevant part:

... No warrant or certificate of indebtedness in any form shall be issued, approved, signed attested, or registered, on or against any appropriation for a purpose other than that for which the said item of appropriation was,

made, or *in excess of the amount thereof.* (emphasis added).

4. Section 18–116(E) provides:

(E) The State Board of Education shall revoke the certificate of any teacher, principal, or superintendent who knowingly or willfully violates any of the provisions of this article. (Article XVIII of the Oklahoma School Code is entitled State Aid.)

5. 75 O.S.1981 §§ 301 et seq. 75 O.S.1981 § 318 provides for judicial review of final administrative orders in an individual proceeding.

As Chief Executive Officer of the Cave Springs School District charged with the oversight of all financial affairs of the district, the Appellant's actions or inactions were not merely imprudent but were careless, wanton and inexcusable and in the judgment of this Court gave rise to the dignity of being done knowingly and willfully thereby justifying the revocation of Appellant's certificate in accordance with *Title 70 O.S.A. Section 3–104(9)*. (emphasis in original).

Patrick brings this appeal from the trial court's order affirming Board's determination. While Patrick alleges trial court error in four briefed propositions, we find his initial contention—that the court's decision was arbitrary and capricious—to be meritorious. We will therefore consider only that proposition.

■ This Court may set aside an order of an administrative agency if the substantial rights of the Appellant have been prejudiced because the agency findings or conclusions are arbitrary or capricious. 75 O.S.1981 § 322. The terms arbitrary or capricious, as used in our Administrative Procedures Act, have not been construed in Oklahoma.

We find instructional the definition of arbitrary or capricious adopted by the Supreme Court of Washington in *Stempel v. Department of Water Resources*, 82 Wash.2d 109, 508 P.2d 166 (1973), an opinion cited by both parties here. The Court in *Stempel*, interpreting a provision in their Administrative Procedures Act substantially the same as 75 O.S.1981 § 322, held:

> ... A finding can be held to be "arbitrary or capricious" if there is no support for it in the record and it is therefore a "wilful and unreasoning action, in disregard of facts and circumstances."

*Stempel v. Department of Water Resources*, 508 P.2d at 169.

To support its actions under the allegations contained in the administrative complaint, Board must find evidence that Cave Springs School District exceeded its appropriation for the 1987–88 school year in violation of 68 O.S.1981 § 2499; that Patrick was responsible for that violation and that Patrick's actions were willful.[6]

■ The alleged overexpenditure is supported by the findings of a statutory annual audit conducted after the close of the 1987–88 school year. The audit does not establish at what point expenditures exceeded appropriations, only that the year end result was an overexpenditure. Because Patrick was superintendent for only a portion of the school year, the audit is not sufficient to prove his responsibility.

■ Board relies on the school district's encumbrance ledger in finding the alleged violation occurred while Patrick was still acting as superintendent. The function of the encumbrance ledger, as described by Board's witness, is to list the financial obligations of a school district as they are approved by the school board. This ledger is maintained by the encumbrance clerk, who is someone other than the superintendent.

The Cave Springs encumbrance ledger reflected that by August 1987, while Patrick was still superintendent, total encumbrances were $929,540.48, most of which was for teachers' salaries for the year. It is uncontroverted the original amount appropriated by the county excise board was only $870,030.91, and that amount was only supplemented well after it had been exceeded by encumbrances.

However, the administrative complaint, Board and the trial court explicitly relied on the prohibitions found in 68 O.S.1981 § 2499. As relevant to the cause before us, § 2499 provides that no *warrant or certificate of indebtedness* shall be issued in excess of the amount appropriated for a purpose.

---

6. Patrick does not take issue on appeal with the trial court's finding that revocation of his certificate was justified under 70 O.S.Supp.1986 § 3–104(9), rather than 70 O.S.1981 § 18–116, as alleged in the complaint. Section 3–104(9) is much broader, allowing revocation for "willful violation of any rule or regulation of the State Board of Education or any federal or state law or other proper cause...". This question is, in any event, not definitive under our holding.

Board's Handbook on Budgeting and Business Management requires that the local school district treasurer maintain a warrant register, also called a warrant ledger. This is an additional requirement to the encumbrance ledger.

A warrant is an "order by which one of competent authority authorizes another to pay a particular sum of money". *State v. State Board of Examiners*, 74 Mont. 1, 238 P. 316, 320 (1925). A certificate of indebtedness is an obligation "having practically the same force and effect as a bond". *Black's Law Dictionary*, 6th Ed. (1991). Generally, either entitles the holder to be paid upon presentment to the appropriate treasurer, at which time funds are actually "expended".

Thus, warrants and certificates of indebtedness are legally distinguishable from the encumbrance process, which documents a future obligation to pay, not expenditures. Neither the warrant ledger, nor any other material which would prove violation of 68 O.S.1981 § 2499, in regards to warrants or certificates of indebtedness in excess of appropriations, is contained in the record.

■ Additionally, we find the record fails to establish what Patrick's responsibilities were. Superintendents are, by statute, the executive officer of the local school board, and "shall perform such duties as said board directs." 70 O.S.Supp.1985 § 5-106. Board's Handbook on Budgeting and Business Management further provides:

> ... provisions of the law make it clear that the legal responsibility for the operation of the schools in a school district rests entirely with the board of education of such district and that this responsibility should be executed through its administrator by delegating to him such authority and duties as may be necessary for the operation of the schools.

The record here is devoid of any evidence showing the Cave Springs Board of Education delegated to Patrick the duties which formed the basis for the action taken against him.

Finding no support in the record for Board's determination that Patrick was responsible for the school district's overex-penditure, we hold such determination to be "arbitrary or capricious". The trial court erred in not setting Board's Decision and Order aside in accordance with 75 O.S. 1981 § 322(1)(f).

Accordingly, the order of the trial court affirming Board's Decision and Order is REVERSED and this matter is REMANDED to the trial court for further proceedings consistent with this opinion.

BAILEY, P.J., and HUNTER, J., concur.