**STATE of Oklahoma, ex rel., BOARD OF TRUSTEES OF the TEACHERS' RETIREMENT SYSTEM, Appellant,**

v.

**Josephine GARRETT, Appellee.**

**No. 78582.**

Court of Appeals of Oklahoma,
Division No. 3.

Feb. 16, 1993.

Susan Brimer Loving, Atty. Gen., Karen L. Collier, Asst. Atty. Gen., Oklahoma City, for appellant.

Karen L. Long, Rosenstein, Fist & Ringold, Tulsa, for appellee.

### MEMORANDUM OPINION

BAILEY, Presiding Judge:

The State of Oklahoma, ex rel. Board of Trustees of the Teachers' Retirement System (Board, OTRS or collectively Appellant) seeks review of an order of the Trial Court setting aside Appellant's decision denying Josephine Garrett (Garrett) certain retirement benefits. Specifically, Appellant complains the Trial Court erred in holding Appellant acted arbitrarily and capriciously in denying Garrett retirement credit for certain years during which Gar-

rett served as a substitute teacher for which period OTRS had previously assured Garrett she would receive retirement credit.

Garrett was a duly certified teacher for some thirty-three years until her retirement in 1989. For the years preceding 1977 and after 1984, Garrett taught full-time and was a mandatory member of Oklahoma Teacher's Retirement System; for the school years 1977 through 1984, however, Garrett taught in the Tulsa School District as a substitute teacher, but worked for more than one hundred twenty (120) days in each of those years.

Upon contemplating retirement, Garrett contacted Appellant regarding benefits and Appellant told Garrett she could "purchase" her years as a substitute teacher for retirement purposes. After much correspondence and exchange of verifying data, Garrett purchased these years and, ultimately, retired.

In 1989, after an audit of Garrett's account however, Appellant reversed its position and denied Garrett entitlement to any retirement credit for the eight years in question, asserting ineligibility of a "substitute" teacher for retirement service credit. Garrett requested a hearing on the matter, after which the Hearing Officer recommended denial of retirement credit to Garrett for the years in question, and Appellant subsequently adopted the Hearing Officer's recommendation. Garrett appealed this decision to the Trial Court which, after full review, found the decision of Appellant "impermissibly arbitrary and capricious," vacated the Appellant's decision, and ordered Appellant to allow Garrett full credit for the eight years of disputed service. Appellant appeals.

As a substantive matter, we first acknowledge the statutory authority of Appellant Board, in the proper exercise of discretion, to either deny membership in the teacher's retirement system to temporary teachers, or to make membership to those teachers optional,[1] but requiring membership for "temporary" teachers "employed one-half time or more who [complete] four (4) months of continuous service in the same position."[2] On the other hand however, OTRS rules proscribe membership to certain classes of individuals, that is, "... substitute teacher[s], graduate assistant[s], fellowship recipient[s], night school teacher[s], homebound teacher[s] or ... employee[s] working less than one-half (½) time."[3] The parties agree that Appellant's decisions in these matters stand reviewable under the provisions of the Oklahoma Administrative Procedures Act.[4]

■ In that regard, a party may obtain relief from an administrative decision upon a showing to the "Supreme Court or the District ... Court, as the case may be, in the exercise of proper judicial discretion or authority ... that substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions are ... arbitrary or capricious."[5] "Arbitrary and capricious" is defined as action which is "willful and unreasonable without consideration or in disregard of facts or without determining principle,"[6] or "unreasoning ... in disregard of facts and circumstances."[7]

■ In the present case, and having reviewed the record, we agree with the Trial Court and hold Appellant acted arbitrarily and capriciously in denying Garrett credit for the disputed eight years of service.[8] That is to say, we find Appellant unreasonably disregarded the facts and circumstances of this case and without determining principle.

1. 70 O.S.1991 § 17–103(5).

2. OTRS Rules and Procedures (1987–1988), Membership, Section B(1)(4) and (5), page 3.

3. OTRS Rules and Procedures (1987–1988), Section D(2), page 4.

4. 75 O.S.1991 §§ 250 et seq.

5. 75 O.S.1991 § 322(1)(f).

6. *Black's Law Dictionary*, Sixth Edition (West 1990) (citation omitted).

7. *Stempel v. Department of Water Resources*, 82 Wash.2d 109, 508 P.2d 166 (1973). *See also, State of Oklahoma, ex rel. State Board of Education*, 842 P.2d 767 (Okl.App.1992).

8. On appeal from an administrative decision, the appellate courts, whether the District Court, the Court of Appeals or the Supreme Court,

First, although Appellant maintains substitute teachers have never qualified for OTRS membership, the record reflects otherwise. That is, Appellant Board acknowledged that some "substitute" or "temporary" teachers qualify for membership and some do not. Indeed, the record reflects confusion and conflict among Board members regarding membership requirements for a teacher working as a "substitute" or "temporary" teacher.[9] This confusion apparently permeates OTRS as the record undeniably shows that Appellant credited Garrett for the disputed eight years of service with full knowledge that Garrett served as a "substitute" teacher in excess of 120 days in each of the disputed years.[10] Furthermore, at the direction of Appellant, Garrett tendered and Appellant accepted full payment for purchase of retirement credit for the disputed years, but (as noted by the Trial Court) Appellant reversed its position and denied Garrett the credited years only after a change in the administration of the Appellant Board. We find the rules and procedures relied upon by Appellant facially ambiguous, conflicting and inconsistent, and arguably allow for Garrett's membership in this case. We therefore hold Appellant's reversal of its prior determination of Garrett's eligible years of service to be unreasonable in disregard of the facts and circumstances, i.e., arbitrary and capricious.

Second, it is undisputed Garrett relied on Appellant's initial categorization of the disputed years of service as eligible for retirement credit to her ultimate detriment. The record reflects Garrett initiated contact, apparently as early as 1983, with Appellant in order to verify her retirement status. After considerable communication and correspondence between Garrett, Appellant and the Tulsa School District to verify Garrett's service and status, Appellant determined Garrett's eligibility for retirement credit covering the disputed years upon payment of an amount determined by Appellant which Garrett remitted. In view of the length and breadth of the correspondence, Garrett apparently and reasonably relied on Appellant's prior determination of her eligible years of service and commensurate benefits based on all her years of service in reaching her retirement decision. It is also undisputed that had Garrett delayed her retirement one year, she would have been automatically eligible to full membership for five of the disputed eight years.[11] For this additional reason, we hold Appellant's reversal of its decision to allow Garrett membership credit for the disputed years, after Garrett had relied upon Appellant's initial decision determining Garrett eligible, to be without determining principle, and again arbitrary and capricious.

Thus, because Appellant applied its own rules governing eligible years of service inconsistently, and because Garrett relied on Appellant's previous interpretation of its own rules to grant her credit for the eight years in dispute, we therefore hold, under the specific facts and circumstances of this case, that the Trial Court did not err in vacating and setting aside the decision of Appellant denying Garrett the previously extended and purchased membership credit as impermissibly arbitrary and capricious. The Trial Court's order to that effect is therefore **AFFIRMED.**

HANSEN, C.J., and HUNTER, J., concur.

---

apply the same standards of review directly to the administrative record. 75 O.S.1991 § 322(1); *Seely v. Oklahoma Horse Racing Commission,* 743 P.2d 685, 689 (Okl.App.1987).

9. The Executive Secretary of the Board acknowledged the categorization of a less-than-full-time teacher as eligible or ineligible for membership in OTRS is often inaccurate and confused but is dependent on what the teacher "did." The remaining Board members understandably displayed varying degrees of confusion and disagreement on the issue.

10. In one instance, Garrett taught essentially the entire year in the same assignment.

11. Notably, OTRS included in 1990 a rule which allows substitute teachers who are employed 120 or more days in one year to qualify for membership, but mandating that the maximum number of creditable years may not exceed five.