2007 OK CIV APP 21

**WESTERN HEIGHTS INDEPENDENT SCHOOL DISTRICT NO. I–41 OF OKLAHOMA COUNTY, Petitioner/Appellant,**

v.

**The STATE of Oklahoma ex rel. OKLAHOMA STATE DEPARTMENT OF EDUCATION, Oklahoma State Board of Education, and Sandy Garrett, State Superintendent of Public Instruction for the State of Oklahoma, Respondents/Appellees.**

No. 103,302.

Court of Civil Appeals of Oklahoma, Division No. 1.

Oct. 19, 2006.

Certiorari Denied Feb. 12, 2007.

Jerry L. Colclazier, Amie Rose Colclazier, Colclazier & Associates, Seminole, OK, for Petitioner/Appellant.

Kay Harley, State Department of Education, Oklahoma City, OK, for Respondents /Appellees.

CAROL M. HANSEN, Judge.

¶ 1 On December 20, 2005, Appellee, Western Heights Independent School District No. I–41 [School] filed its *Petition* in the trial court seeking judicial review of a determination by Appellees, Oklahoma State Department of Education, Oklahoma State Board of Education, and the State Superintendent of Public Instruction [collectively Department], which denied School's appeal from placement on the "School Improvement List" by Department pursuant to Department's implementation of the federal No Child Left Behind Act (the Act), 20 U.S.C. §§ 6301 *et seq.* We hold the trial court correctly dismissed School's *Petition* because it was not filed within the statutory time allowed and affirm.

¶ 2 In its *Petition*, School alleged Department is charged under the Act with development, submission, and implementation of school accountability standards and reporting. Department has carried out this mandate through the Oklahoma School Accountability System, promulgated in the Oklahoma Administrative Code at Section 210:10–13–18 and the Academic Performance Index (API) at Section 210:10–13–20. Schools which fail to meet API benchmarks must make Adequate Yearly Progress (AYP) or be subject to sanctions set forth in Section 210:10–13–18.

¶ 3 The School Accountability System regulations require that AYP Data Reports be provided to school districts for their review and reporting of any discrepancies "in previously approved data pieces." The regulations also provide that school districts may appeal AYP determinations in the Data Reports at this time. School alleges that on September 27, 2005, it made such an appeal to Department based on Department's arbitrary and capricious categorization of School as failing to make AYP and placing School on the School Improvement List. The *Petition* reflects that on October 17, 2005, Department denied School's appeal because it was not "based on substantial or statistical criteria." School complains that it was not af-

forded a hearing or other "substantive due process" during the appeal or in the "format of the ruling rendered denying the appeal."

¶ 4 Department moved to dismiss School's *Petition* for failure to state a claim upon which relief could be granted in accordance with 12 O.S.2001 § 2012 (B)(6). Department argued School cited no legal authority for the requested relief and that no denial of a fundamental right was identified in the *Petition*. In response, School argued it was subject to possible sanctions by Department's improper classification of it as having failed to make AYP and the Act requires a hearing for accountability determinations. School further argued Department's actions were subject to the Oklahoma Administrative Procedures Act (APA), 75 O.S.2001 §§ 250 *et seq.*, citing *Patrick v. State ex rel. State Bd. of Educ.*, 1992 OK CIV APP 153, 842 P.2d 767.

¶ 5 More specifically, School argued the applicability of §§ 306 or 322 of the APA, which provide, respectively, [a] that the validity or applicability of an agency *rule* may be determined in an action for declaratory judgment in the district court, or [b] that an agency *order* may be modified, set aside or reversed upon determination by judicial review that a petitioners substantial rights have been prejudiced. School contends the "threatened application" of Department's regulations, which might result in sanctions, and the arbitrary and capricious accountability determination by Department, gave the trial court authority to hear its complaint.

¶ 6 In reply to School's response to its motion to dismiss, and in support of that motion, Department asserted its regulations were developed pursuant to the federal mandates of the Act and adopted in compliance with the APA, and have no requirement for a hearing on accountability determinations. Department also asserts School has cited no specific statutory requiring a hearing for accountability determinations and that this process is not subject to judicial review under the APA. Thus, Department argues, School has no recourse to the APA review procedures.

¶ 7 Department also argues, however, that should the APA be determined to be applica-

ble here, School's *Petition* was untimely pursuant to § 318 of the Act and the trial court had no jurisdiction to hear School's request for review. Section 318 provides for judicial review of final agency orders in individual proceedings and requires the petition to be filed in the district court within thirty days after the appellant is notified of the order. Department noted School's *Petition* was filed some sixty four days after it denied School's appeal.

¶ 8 The trial court, without specific findings, ordered School's Petition dismissed with prejudice and School moved for a new trial. The trial court denied School's motion and School appeals. Generally, a trial court's order from review of an agency determination must be affirmed if the agency's determination is supported by substantial evidence and the order is otherwise free of error. *Aple Auto Cash Express, Inc. of Oklahoma v. State ex rel. Oklahoma Dept. of Consumer Credit*, 2003 OK 89, 78 P.3d 1231. Here, the dispositive facts relating to timeliness of School's filing its Petition are undisputed. The question is whether the thirty day limitation period in § 318 of the APA applies. We find that it does.

¶ 9 The APA was found to apply to Department in *Patrick v. State ex rel. State Bd. of Educ., supra.* *Patrick* was an appeal from a State Board of Education determination which imposed conditions on the appellant's continued certification as a school superintendent. Department seeks to distinguish *Patrick* because "no such property interest in the right to engage in a profession is present." In view of the substantial sanctions which may be imposed upon School under Department's School Accountability System, we do not agree. School was entitled to the full processes required for agency actions under the APA, including a hearing, before Department finally determined School failed to make AYP.

¶ 10 That being said, it was School's responsibility to file its Petition seeking review of Department's final determination within the thirty day limitation period imposed by § 318 of the APA. Its failure to do so was jurisdictional and the trial court had no pow-

er to decide the case. *Conoco, Inc. v. State Dept. of Health of State of Okl.*, 1982 OK 94, 651 P.2d 125. Nor was declaratory judgment available to School because such an action in accordance with § 306 of the APA would have had to be brought to challenge Department's accountability rules before entry of Department's final order. Id., at 130. After the order is issued, it "can be appealed only by way of the provisions in § 318." Id., at 131. School seeks to distinguish *Conoco*, arguing Department's determination was not a final order because it did not afford School an "individual proceeding" as defined under APA requirements. However, whether School was denied the substantive rights due under the APA is the essence of its appeal, and it forfeited its right to consideration of that question when it failed to timely file its Petition.

¶ 11 Because the trial court correctly dismissed School's Petition, it did not abuse its discretion when it denied School's motion for new trial. *Dominion Bank of Middle Tennessee v. Masterson*, 1996 OK 99, 928 P.2d 291, 294. Accordingly, the trial court's orders dismissing School's Petition and denying School's motion for new trial are AFFIRMED.

BELL, P.J., and JOPLIN, J., concur.