2007 OK CIV APP 92

**WESTERN HEIGHTS INDEPENDENT SCHOOL DISTRICT NO. I–41 of Oklahoma County, Petitioner/Appellant,**

v.

**The STATE of Oklahoma ex rel. OKLAHOMA STATE DEPARTMENT OF EDUCATION, Oklahoma State Board of Education, and Sandy Garrett, State Superintendent of Public Instruction for The State of Oklahoma, Respondents/Appellees.**

No. 104,223.

Court of Civil Appeals of Oklahoma, Division No. 2.

Aug. 24, 2007.

See also 156 P.3d 53.

Jerry L. Colclazier, Amie Rose Colclazier, Colclazier & Associates, Seminole, OK, for Petitioner/Appellant.

Kay Harley, Oklahoma State Department of Education, Oklahoma City, OK, for Respondents/Appellees.

JANE P. WISEMAN, Judge.

¶1 Western Heights Independent School District No. I–41 of Oklahoma County (School) appeals from an order of the trial court granting the motion to dismiss filed by the State of Oklahoma *ex rel.* Oklahoma State Department of Education (Department), Oklahoma State Board of Education, and Sandy Garrett (collectively, State). The issue on appeal is whether the trial court erred in concluding that the current action filed by School should be dismissed because a previous opinion by the Court of Civil Appeals dealt with the same facts and the same issue of law as the present case. We find the trial court erred in dismissing School's action and reverse the trial court's decision and remand for further proceedings.

## FACTS AND PROCEDURAL HISTORY

¶2 On April 24, 2006, School filed an action for declaratory judgment against State alleging that State, which is "charged with the development, submission, and implementation of school accountability standards and reporting under the federal mandates of The No Child Left Behind Act of 2001," failed to follow its promulgated rules and regulations in determining that School failed to make adequate yearly progress (AYP) and in placing School on the "School Improvement List." School alleged that State's rules are inconsistent with federal guidelines. School also alleged that State adopted a rule to be applied beginning with the 2004–2005 school year "to calculate graduation rates based upon a minimum of four years of dropout information." This rule, according to School, "included a prohibition against counting dropouts as students who legitimately transfer to other school districts." School contends that State failed to follow its own rule and used "an unapproved formula which yielded substantially higher statewide graduation rates." School claimed that it used the "federally approved method" of calculating graduation rates, and, as a result, School fell below the state benchmark.

¶3 School alleged in its petition that Department issued its final district accountability data report (ADR) on November 18, 2005. On December 12, 2005, School formally ap-

pealed Department's findings. School claimed that State ignored School's appeal and "in violation of [State's] own rules that require a determination of appeal within 30 days, [has] failed to respond or rule on [School's] appeal."

¶ 4 State filed a motion to dismiss, claiming that the trial court lacked subject matter jurisdiction over School's lawsuit. State claimed that School previously filed an appeal of Department's determination that School did not make adequate yearly progress. State attached a petition from the previous case filed on December 20, 2005, in which School claimed, among other things, that State falsely and improperly categorized School as failing to make adequate yearly progress. State recited in its motion to dismiss that School appealed this previous decision finding lack of adequate yearly progress to Department, which denied School's appeal, and that upon filing in district court, the trial court dismissed School's petition with prejudice, and School appealed.

· ¶ 5 On appeal, State further recited that another division of the Court of Civil Appeals found that the Oklahoma Administrative Procedures Act (APA) applies to Department of Education proceedings. *Western Heights Indep. Sch. Dist. No. I–41 of Oklahoma County v. State ex rel. Oklahoma State Dep't of Educ.,* 2007 OK CIV APP 21, ¶ 8, 156 P.3d 53, 55. The Court noted that Department denied School's appeal on October 17, 2005. *Id.* at ¶ 3, 156 P.3d at 54. School filed its first action on December 20, 2005, which was more than 30 days after Department denied School's appeal, and the trial court dismissed School's petition because more than 30 days had passed since Department's denial of the appeal.

¶ 6 The Court of Appeals noted that the APA, 75 O.S.2001 § 318, "provides for judicial review of final agency orders in individual proceedings and requires the petition to be filed in the district court within thirty days after the appellant is notified of the order." *Western Heights,* 2007 OK CIV APP 21 at ¶ 7, 156 P.3d at 55. The Court determined that the trial court correctly dismissed School's petition because it did not file its petition within 30 days from the date· the

appeal was denied. The Court held that the trial court had no power to decide the case because School's failure to file within 30 days was "jurisdictional." *Id.* at ¶ 10, 156 P.3d at 55.

¶ 7 State argued in its motion to dismiss under review here that the decision in the prior appeal is the law of the case. State also claimed the following:

> The Court of Appeals in dicta, found that the determination of a school district's AYP [adequate yearly progress] status was subject to the provisions of the Administrative Procedures Act (Act), and that the Act requires [State] to provide a hearing to school districts prior to finalizing AYP determinations. Based upon the Court's determination, [State] will amend its AYP Appeal rules to include a hearing. The school district[']s current request to this Court for a declaratory ruling on the AYP Appeal rules is now moot.

The trial court in the present case granted State's motion ·to dismiss and dismissed School's lawsuit with prejudice, finding that the prior case before the Court of Appeals "dealt with the same facts and the same issue and is the law of the case in this matter." School appeals.

## STANDARD OF REVIEW

¶ 8 Whether the trial court correctly concluded that the previous Court of Appeals decision controlled the outcome of this case presents a question of law. We review questions of law *de novo. See McCutcheon v. Britton, Ramsey and Gray, P.C.,* 2006 OK CIV APP 83, ¶ 3 n. 2, 137 P.3d 1268, 1269.

## ANALYSIS

¶ 9 Rulings that were made in "prior appeals are the law of the case. Once the court decides a question in a cause on appeal, that ruling governs in all subsequent proceedings." *Cavett v. Peterson,* 1984 OK 59, ¶ 9, 688 P.2d 52, 56. "Settled-law-of-the-case doctrine operates to bar relitigation of issues in a case that are finally settled by an appellate opinion or those the aggrieved party failed to raise on appeal." *Patel v. OMH Med. Ctr., Inc.,* 1999 OK 33, ¶ 22, 987 P.2d

1185, 1195. The "doctrine is a rule of judicial economy designed to prevent an appellate court from twice having to deal with the same issue." *Id.*

¶ 10 In the case at hand, School is appealing the dismissal of claims arising from a different determination made by State than the determination involved in the previous case. This appeal is not based on the same ruling by State as the previous appeal. Although State argues in its motion to dismiss reply brief that School appealed both its preliminary ADR and final ADR to the district court on December 20, 2005, "as acknowledged in the Court of Appeals decision," we find no such acknowledgment-the opinion refers only to State's October 17, 2005, denial of School's September 27, 2005, appeal which would necessarily involve only the preliminary ADR. School counters that the first case involved only its appeal of State's denial of its appeal of the preliminary ADR findings.

¶ 11 In the previous case, School appealed to the district court on December 20, 2005, from State's denial on October 17, 2005, of its appeal from State's preliminary ADR; the trial court and the Court of Appeals found School's appeal to district court to be untimely (64 days) as outside the 30–day jurisdictional limit provided in the APA and therefore fatal to School's quest.

¶ 12 In the present case, School filed a petition based on another determination by State, the final ADR.[1] School alleges that the final ADR was issued on November 18, 2005, and that School formally appealed these findings under State's appeal process on December 12, 2005. School also alleges that State ignored School's appeal and has failed to follow State's own rules and regulations regarding AYP determinations and appeals of those determinations, including failing to respond to or rule on School's appeal. School also contends that State's administrative appeals process is contrary to federal law. School further claims in the present case that State continues to violate the law as it issues new, inaccurate ADRs and that School has no way to challenge these decisions because State has ignored its appeal. Based on these assertions, School requests declaratory judgment on the "validity and applicability of [State's] rules and procedures."

¶ 13 In our review of this motion to dismiss, we must take as true the assertions made in School's petition. "The court, when considering a defendant's quest for dismissal, must take as true all of the challenged pleading's allegations together with all reasonable inferences that may be drawn from them." *May v. Mid–Century Ins. Co.,* 2006 OK 100, ¶ 10, 151 P.3d 132, 136.

¶ 14 We find that the trial court erred in determining that this case involved the same facts and questions of law as the previous case. It appears from the record before us that these two cases are based on separate actions taken by State-the previous action related to a preliminary ADR, and School's current action relates to a final ADR issued, according to School, several months after the preliminary ADR. It should also be noted that School is challenging State's failure to act, claiming that State denies that accountability determinations are subject to any administrative appeal process, hearing requirement, or judicial review and has ignored School's appeal in violation of the law.[2]

---

1. The question of whether State's denial of School's appeal of a preliminary ADR constitutes a final order was not specifically addressed in the context of agency actions in the previous Court of Appeals opinion; the opinion does recite, however, that declaratory judgment was not available to School "because such an action in accordance with § 306 of the [Administrative Procedures Act] would have had to be brought to challenge Department's accountability rules before entry of Department's final order." *Western Heights,* 2007 OK CIV APP 21 at ¶ 10, 156 P.3d at 55. We note that the APA defines "final agency order" as "an order that includes findings of fact and conclusions of law pursuant to Section 312 of this title, is dispositive of an individual proceeding ... and which is subject to judicial review." 75 O.S.2001 § 250.3(5).

2. Although State took the position in the previous *Western Heights* case that because the APA did not apply, no administrative appeal process, hearing, or judicial review was afforded for accountability determinations, the Court of Appeals in that case decided that such determinations do fall under the APA. "School was entitled to the full processes required for agency actions under the APA, including a hearing, before Department finally determined School failed to make AYP."

There has been no final administrative order determining School's appeal of the final ADR from which School could exercise its judicial review rights under the APA, 75 O.S. § 2001 318.

¶ 15 It should also be pointed out that there has been no adjudication of School's claims on the merits. The previous case decided by the Court of Appeals turned on a purely jurisdictional issue-whether School had filed its district court appeal within the statutory time allowed-which was decided adversely to School and resulted in the affirmance of the trial court's dismissal. As clearly delineated in *Independent School District No. 1 of Oklahoma County v. Scott*, 2000 OK CIV APP 121, ¶ 10, 15 P.3d 1244, 1248, a "subsequent action is not barred [by claim preclusion] if the first judgment was one of dismissal for a lack of jurisdiction." Nor do we conclude that this is a relitigation of an issue decided in the previous case. "The defendant must show that the issue sought to be precluded was actually litigated and determined in the prior action between the parties or their privies, and that the determination was essential to the decision in the prior action." *Id.* at ¶ 11, 15 P.3d at 1248 (citation omitted). The present case does not turn on whether School filed a timely appeal to district court-according to School's petition, State has never addressed or resolved School's appeal of the final ADR.

¶ 16 Finally, State argues that, pursuant to *Conoco, Inc. v. State Department of Health of State of Oklahoma*, 1982 OK 94, 651 P.2d 125, declaratory relief is not available to School. We would concur if the facts were similar to those in *Conoco*. In that case, the state regulatory agency, in upholding a state air quality regulation, had granted Conoco a variance from the regulation subject to Conoco's submission of a timely compliance schedule. Conoco did not appeal from the agency's actions. Conoco brought an action ten months later for declaratory and injunctive relief in the trial court challenging the regulation. *Conoco*, 1982 OK 94 at ¶¶ 7–8, 651 P.2d at 127.

¶ 17 The Oklahoma Supreme Court held that a declaratory judgment proceeding under § 306 of the APA may not be used in lieu of judicial review proceedings under § 318. *Id.* at ¶ 12, 651 P.2d at 128–29. The Court further held "that where an aggrieved party fails to perfect a timely appeal from a final administrative order, he cannot seek to challenge that order by means of an action for declaratory judgment." *Id.* at ¶ 21, 651 P.2d at 132. This case stands for the proposition that an action for declaratory relief under § 306 of the APA may not be brought after the time under § 318 for appeal from an adverse final order has expired.

¶ 18 Our reading of *Conoco* does not lead us to the conclusion that a § 318 appeal is School's exclusive remedy under the circumstances presented: *Conoco* states that "an action for declaratory judgment may be appropriate before an order has been issued, but that afterwards the order can be appealed only by way of the provisions in § 318." *Id.* at ¶ 16, 651 P.2d at 131. Although State has issued the final ADR of which School complains, State has issued no order on School's appeal and has ignored it, according to the petition under review.

¶ 19 State asserted to the trial court in its motion to dismiss that, based on the decision by the Court of Appeals in the previous *Western Heights* case, State "will amend its AYP Appeal rules to include a hearing" and that School's request for declaratory judgment is thus moot. Rather than the record containing an indication that the appeal rules have been amended and a hearing provided for School's appeal of the final ADR, the only indication in the record is School's claim that its appeal has been ignored. This is not a situation in which School has failed to perfect a timely appeal from a final administrative order and seeks to substitute declaratory relief under § 306 for its appeal rights under § 318, which *Conoco* prohibits. State may not argue that School's appeal time has expired when there has been no final administrative disposition of its appeal. We find the analogy to *Conoco* to be misplaced.

## CONCLUSION

¶ 20 Based on the record before us, we conclude that the trial court erred in basing its dismissal of School's current action on the decision rendered in the previous case. The trial court's decision is reversed and remanded for further proceedings.

¶ 21 **REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.**

RAPP, C.J., and FISCHER, P.J., concur.