Chairman Robert C. Margo Judicial Nominating Commission
1915 North Stiles, Suite 305 Oklahoma City, Oklahoma 73105
Dear Chairman Margo:
This office has received your request for an official Attorney General Opinion in which you ask, in effect, the following question:
 In view of the powers created in the Judicial Nominating Commission by the Oklahoma Constitution, may the Legislature require the Judicial Nominating Commission to provide names of retired judges to the Governor as nominees for appointment to the Forensic Review Board?
 History and Overview of the Judicial NominatingCommission
The Judicial Nominating Commission ("Commission") was established on July 11, 1967, with the passage of State Question 447 adding Article VII-B to the Oklahoma Constitution. See
S.J. Res. 16, 31st Leg. (Okla. 1967). This constitutional amendment was one of two related amendments adopted at that election. The second amendment repealed Article VII, and replaced it with a new Article VII, establishing the "Judicial Department."[1]
Specifically, Section 3 of Article VII-B establishes "as a part of the Judicial Department a Judicial Nominating Commission[.]" Okla. Const. art. VII-B, § 3(a). Under this Article, the Commission is charged with providing a list of three candidates for "judicial office." Id. § 4.[2] "Judicial office" *Page 2 
[EDITORS' NOTE: THIS PAGE CONTAINED FOOTNOTES.] *Page 3 
is defined within Article VII-B as "the offices of Justice of the Supreme Court and Judges of the Court of Criminal Appeals."Id. § 1(b). Thus, constitutionally, the Commission is charged with providing names of judicial candidates for openings on only these two courts. In 1971, the Legislature expanded the judicial offices for which the Commission provides nominees to include "the office of District Judge, Associate District Judge, or Judge of any intermediate Appellate Court, . . . in the manner as provided for in the filling of Judicial offices under Section 4, Article 7B of the Oklahoma Constitution." 1971 Okla. Sess. Laws ch. 107, § 1(a) (amending 51 O.S.Supp. 1970, § 10[51-10](a)). In 1987, the Legislature specifically provided that the Commission "shall choose and submit to the Governor and the Chief Justice of the Supreme Court three (3) nominees" for vacancies on the Court of Civil Appeals. 1987 Okla. Sess. Laws ch. 33, § 3 (codified at 20 O.S.Supp. 1987, § 30.17[20-30.17]).[3]
In addition, in 1977, the Legislature provided that nominees to the Workers' Compensation Court shall also be submitted by the Judicial Nominating Commission to the Governor and the Chief Justice of the Supreme Court. 1977 Okla. Sess. Laws ch. 234, § 2(A) (codified as amended at 85 O.S. 2001, § 1.2[85-1.2](A)).
 History and Overview of the Forensic Review Board
The Forensic Review Board ("Board") was formed in 2008 by an amendment to Section 1161 of Title 22. 2008 Okla. Sess. Laws ch. 39, § 1(F) (amending 22 O.S.Supp. 2007, § 1161[22-1161](F)). Included in Section 1161(F)(1)(c) as one of the statutory members of the Board is "one member who shall be a retired judge licensed to practice in this state and shall be appointed from a list of not less than three names submitted to the Governor by the Judicial Nominating Committee [sic]."
While the statute refers to the "Judicial Nominating Committee," a search of the statutes found no such committee exists. "The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed in the statute."Jackson v. Indep. Sch. Dist. No. 16,648 P.2d 26, 29 (Okla. 1982). The context of this reference, and the fact that a "Judicial Nominating Committee" does not exist, indicates the Legislature intended this statute to apply to the "Judicial Nominating Commission." Otherwise this statute would not make sense and "[t]he legislature will not be presumed to have intended an absurd result." Grand River Dam Auth. v. State,645 P.2d 1011, 1019 (Okla. 1982).
The Board is responsible for determining "which individuals confined with the Department of Mental Health and Substance Abuse Services are eligible for therapeutic visits, conditional release or discharge and *Page 4 
whether the Board wishes to make such a recommendation to the court of the county where the individual was found not guilty by reason of insanity." 22 O.S.Supp. 2008, § 1161[22-1161](F)(2). The District Court will conduct hearings for "therapeutic visit" recommendations if the district attorney objects to the Board's recommendation, and hearings are required for recommendations for conditional release or discharge. Id. § 1161(F)(3)(a), (G).
The duties of the Commission, prior to passage of the amendments to the Board statute, related solely to providing names to the Governor and the Chief Justice of the Oklahoma Supreme Court to fill openings for Oklahoma Supreme Court justices, Court of Civil Appeals judges, Court of Criminal Appeals judges, District Court judges and associate judges, and Workers' Compensation Court judges. All of these judicial positions are with courts that are part of the Judicial Department in which judicial power is vested. Okla. Const. art. VII, § 1. The issue raised by your question, then, is not necessarily whether the Legislature can mandate additional duties to the Commission, but whether the mandate of these additional duties is arbitrary and capricious or is expressly prohibited by the Oklahoma Constitution.
Article V, Section 36 of the Oklahoma Constitution provides:
 The authority of the Legislature shall extend to all rightful subjects of legislation, and any specific grant of authority in this Constitution, upon any subject whatsoever, shall not work a restriction, limitation, or exclusion of such authority upon the same or any other subject or subjects whatsoever.
Id. The Oklahoma Supreme Court has provided guidance on the limits of this Legislative authority:
 While the law-making power of the Legislature is supreme within its proper sphere, that power may be restricted and limited by constitutional provisions. Limitations on legislative authority may be implied as well as expressed in the Constitution. Every positive delegation of power by the Constitution to one officer or department of government implies a negation of its exercise by any other officer or department.
Bd. of Regents v. Baker,638 P.2d 464, 466 (Okla. 1981) (citations omitted). InBaker, the Legislature passed legislation that directed state agencies, including the Board of Regents of the University of Oklahoma, a constitutional body, to increase the salary of all employees. Id. at 465. The Regents did not grant the increases, stating that the legislation was an "impermissible interference with the constitutional authority vested in the Board."Id. at 466. While agreeing with the Regents' argument, the court also noted that "constitutionally assured independence cannot be equated with complete immunity for legislative regulation."Id. at 469. *Page 5 
Generally, the Oklahoma Constitution does not "determine whether the Legislature is authorized to do an act, but rather, to see if the act is prohibited." Jackson v. Freeman,905 P.2d 217, 221 (Okla. 1995). The Oklahoma Supreme Court further emphasized this when it noted that:
 The Constitution (Art. 5, Sec. 36) vests in the [L]egislature the supreme power to enact laws to meet the needs of the State; the Legislature's acts are presumed constitutional and should be upheld unless plainly and clearly within express prohibitions and limitations fixed by the Constitution, or unless it exercised its authority arbitrarily and capriciously; and any doubt should be resolved in favor of the power of the Legislature.
 An Act of the Legislature will not be declared unconstitutional unless its conflict with the Constitution is clear and certain.
 The State Constitution is a limitation upon the power of the Legislature and not a grant of power to that body, and the authority of the Legislature extends to all rightful subjects of legislation not withdrawn by the Constitutional or in conflict therewith.
Spearman v. Williams,415 P.2d 597, 600 (Okla. 1966) (citations omitted).
The court also noted in a case dealing with a constitutional board, that "[a]lthough the Legislature cannot decrease The Board's constitutional powers, it may increase such authority and delegate additional powers to such board." Oliver v. Okla. AlcoholicBeverage Control Bd., 359 P.2d 183, 185 (Okla. 1961). Thus, without a specific constitutional provision clearly stating that the Commission's authority is limited to judicial openings, the Legislature has authority to delegate additional powers to the Commission, even if those powers are outside its original constitutional mandate.
This authority, however, is not without limits. As the court said in Spearman, the Legislature cannot act arbitrarily or capriciously. Id., 415 P.2d at 600. An earlier case from the Oklahoma Supreme Court provides guidance as to what acts of the Legislature would be considered "arbitrary and capricious."
 Where the constitutionality of an act of the legislature is in question all reasonable doubt will be resolved in favor of the questioned authority and the act will be declared constitutional unless it can be clearly demonstrated that the legislature did not have the power or authority exercised or that its authority was exercised arbitrarily and capriciously, for instance as to classification or delegation of authority, to the prejudice of the rights of some of the citizens.
School Dist. No. 25 v. Hodge,183 P.2d 575, 579 (Okla. 1947) (emphasis added). "`Arbitrary and capricious' is defined as action which is `willful and unreasonable without consideration or in disregard of *Page 6 
facts or without determining principle[.]'" State ex rel. Bd. ofTr. v. Garrett,848 P.2d 1182, 1183 (Okla. Ct. App. 1993) (footnote omitted).
The Board does exercise some "judicial" powers, in that it determines eligibility and makes recommendations to the court for therapeutic visits, conditional release or discharge of an individual who was found not guilty by reason of insanity. 22 O.S.Supp. 2008, § 1161[22-1161](F)(2). While the position for a retired judge on the Board is a different type of position than a judicial vacancy, the position is not wholly outside the scope of the Commission's "judicial nominating" function.
The statute forming the Board and requiring the Commission to provide nominations of retired judges is not an arbitrary and capricious exercise of authority by the Legislature. The constitutional provision that formed the Commission contains no language prohibiting the Legislature from giving the Commission additional duties. See Okla. Const. art. VII-B. Furthermore, the Legislature previously expanded the duties of the Commission when it gave the Commission the assignment to present nominees to the Governor and the Chief Justice of the Oklahoma Supreme Court for judicial openings in courts other than the two courts specified in the Constitution. See
51 O.S. 2001, § 10[51-10](A); 20 O.S. 2001, § 30.17[20-30.17]; 85 O.S. 2001, § 1.2[85-1.2](A). This assignment from the Legislature does not interfere with or limit the Commission's constitutional duties, nor does it prejudice the rights of some of the citizens. Therefore, the Legislature is within its authority to assign this additional duty to the Commission. Whether possible future extensions of the duties of the Commission by the Legislature would be arbitrary or capricious are questions of fact and beyond the purview of an Attorney General Opinion. 74 O.S. 2001, § 18b[74-18b](A)(5).
You also expressed concerns that the Commission's policies and procedures do not address this type of nomination.[4] The ability of the Commission to establish procedures to carry out its duties flows from its constitutional and legislative authority. The constitutional provision forming the Commission does not dictate the policies and procedures for selection of nominees to judicial positions. This also holds true for the statutes that assign other duties to the Commission, including the statute forming the Board.
Judicial positions have certain constitutional and statutory requirements that must be met for a person to be eligible for nomination, which the Commission's current policies reflect.See A. G. Opin. 84-9; see also Oklahoma Judicial Nominating Commission Eligibility Requirements for Judicial Appointment, available at http://www.oscn.net/Sites/Judicial NominatingCommission/eligibility.aspx (last visited June 20, 2009). In addition to the requirement that one member of the Board be a retired judge licensed to practice in Oklahoma, the statute forming the Board provides an additional requirement for appointment to that Board, stating that the "attorney and retired judge members of the *Page 7 
Board shall be prohibited from representing in the courts of this state persons charged with felony offenses while serving on the Board." 22 O.S.Supp. 2008, § 1161[22-1161](F)(1). While the policies and procedures of the Commission only address the requirements for nomination to judicial positions, no constitutional or statutory limitations could be found which would prohibit the Commission from developing additional policies and procedures to address the qualifications of retired judges required for nomination to the Board. *Page 8 
 It is, therefore, the official Opinion of the Attorney Generalthat:
 1. The Legislature has authority to delegate additional duties to the Judicial Nominating Commission as long as these duties do not limit or interfere with any constitutional power given to the Commission and are not arbitrary or capricious. Okla. Const. art. V, § 36; Okla. Const. art. VII-B, §§ 3, 4; Oliver v. Okla. Alcoholic Beverage Control Bd., 359 P.2d 183, 185 (Okla. 1961); Spearman v. Williams, 415 P.2d 597, 600 (Okla. 1966); Bd. of Regents v. Baker, 638 P.2d 464, 466 (Okla. 1981).
 2. Requiring the Judicial Nominating Commission to provide nominees to the Governor for the position on the Forensic Review Board allocated to a "retired judge" is not arbitrary or capricious, is within the constitutional power of the Legislature, is not expressly prohibited by the Oklahoma Constitution, and does not interfere with or limit the constitutional duties of the Judicial Nominating Commission. 22 O.S.Supp. 2008, § 1161[22-1161](F); Okla. Const. art. VII-B, § 4.
W. A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
PATRICIA A. PODOLEC ASSISTANT ATTORNEY GENERAL
[1] Article VII was added by State Question No. 448, Initiative Petition No. 164. See H.J. Res. 508, 31st Leg. (Okla. 1967). The constitutional amendment was adopted at an election held July 11, 1967.
[2] Section 4 of Article VII-B of the Oklahoma Constitution states in full:
 When a vacancy in any Judicial Office, however arising, occurs or is certain to occur, the Judicial Nominating Commission shall choose and submit to the Governor and the Chief Justice of the Supreme Court three (3) nominees, each of whom has previously notified the Commission in writing that he will serve as a Judicial Officer if appointed. The Governor shall appoint one (1) of the nominees to fill the vacancy, but if he fails to do so within sixty (60) days the Chief Justice of the Supreme Court shall appoint one (1) of the nominees, the appointment to be certified by the Secretary of State.
Id.
[3] The Court of Civil Appeals was established in 1968. 1968 Okla. Sess. Laws ch. 157, § 1 (codified at 20 O.S.Supp. 1968, § 30.1[20-30.1]).
[4] A copy of the Judicial Nominating Procedure andPolicies is on file at the Commission office located within the Administrative Office of the Courts. *Page 1