2011 OK CIV APP 62

**George Paul GLOVER and Glover Construction Company, Inc., Plaintiffs/Appellees,**

v.

**OKLAHOMA DEPARTMENT OF TRANSPORTATION, Defendant/Appellant.**

No. 107,532.

Court of Civil Appeals of Oklahoma, Division No. 3.

March 4, 2011.

Certiorari Denied May 9, 2011.

Norman Hill, General Counsel, Oklahoma Department of Transportation, Oklahoma City, Oklahoma, Bart Fite, Muskogee, Oklahoma, Vernon C. Howerton, Jr., Looper Reed & McGraw, P.C., Dallas, Texas, for Appellant.

D.D. Hayes, Hayes Law Office, Muskogee, Oklahoma, Lou Ann Barnes, Tulsa, Oklahoma, for Appellee.

LARRY JOPLIN, Judge.

¶ 1 Defendant/Appellant Oklahoma Department of Transportation (ODOT) seeks review of the trial court's order modifying the administrative debarment of Plain-

tiffs/Appellees George Paul Glover and Glover Construction Company, Inc. (respectively, Glover and GCC) from participation in state contracts. In this appeal, ODOT challenges the trial court's order as contrary to the evidence and affected by errors of law.

¶ 2 ODOT awarded to GCC several highway construction projects located near Muskogee, Poteau, Stigler, and Warner in eastern Oklahoma. In arbitration, GCC sought $3,000,000.00 to recover costs of replacing defective asphalt paving on one of the projects, discovered in 2001 prior to the project's completion in 2003. The arbitrator determined GCC had not substantially complied with its contract with ODOT, awarded about $31,000.00, and the district court confirmed the award.

¶ 3 Glover and other GCC employees were later indicted on the charge of conspiracy to defraud the state arising from the alleged substitution of unapproved aggregates in the asphalt paving used in the projects. Glover was also indicted on the charge of witness intimidation during the investigation of the alleged conspiracy. Glover and the GCC employees pleaded *nolo contendere* to the charges.

¶ 4 In June 2006, ODOT suspended the right of Glover and GCC to participate in state contracts. Glover and GCC sought administrative review. Before a hearing examiner, ODOT introduced testimony and evidence demonstrating debarment was appropriate because: (1) GCC improperly subcontracted more than 50% of work on one project and concealed the fact during an investigation; (2) Glover and three other GCC employees improperly substituted unapproved aggregate in the asphalt paving used on the projects as early as 1999; (3) a GCC employee attempted to intimidate a witness during the investigation of the alleged improper substitution of materials; and (4) GCC and two other GCC employees pleaded *nolo contendere* to conspiracy to defraud the state arising from the improper substitution of materials.

¶ 5 Upon consideration of the testimony of twenty-seven witnesses, and more than 250 exhibits over two days, a hearing examiner determined Glover, GCC and two GCC em-

ployees should be debarred for a period of ten years. Glover and GCC then sought review in the trial court. Upon consideration of the record and arguments, the trial court modified the agency order:

The issue of the 1999 project in LeFlore County is a bit more perplexing. The fact that the Department waited so long to raise the issues and bring action against Glover raises concern as to Glover's ability to defend and to disbar Glover in a proceeding several years after final inspection and approval is arbitrary in nature. The court finds for [G]lover as to the LeFlore County project.

The issue of the nolo contendere plea. As to witness intimidation, the Court finds for the Dept. of Transportation. The facts as set forth in the Administrative Hearing are not as compelling as to make the determination of guilt by Glover as set forth in the Findings by the Hearing Officer Mr. Elliot in this Courts opinion however, the conclusion reached that punishment is granted as a result of the plea of nolo contendere is found to support the hearing officers conclusions of disbarment.

Again, as to the issue of inferior aggregate substitution, the hearing officer was justified in his conclusions by the fact of the nolo contendere plea entered by Glover and two employees of Glover. The Findings made by the hearing officer appear to be arbitrary a[nd] not supported by competent evidence, but the result is sustained.

As a result of the forgoing this Court finds that the disbarment of Glover Construction was justified under the facts submitted. The Court further finds that the disbarment for 10 years from the initial date of suspension is without merit or precedent. As such, this court finds the disbarment for 10 years was arbitrary and capricious, and should be modified to a term in keeping with precedent.

IT IS THEREFORE ORDERED, ADJUDGED, and DECREED that the disbarment as ordered should stand and further, that it is modified to a term of 3½ years from the date of initial suspension June 20, 2005.

¶ 6 Glover and GCC filed a motion for new trial. On consideration thereof, the trial court vacated the debarment:

> Upon reconsideration of its prior Order the Court holds that the debarment of Plaintiffs as a result of nolo contendere pleas was not authorized by Defendant's regulations in force at the relevant time period.
>
> Accordingly the debarment ordered as a result of the Administrative Hearing is hereby vacated.
>
> All provisions of the Court's prior Order inconsistent herewith are vacated, otherwise the prior Order remains in effect.

ODOT appeals.

■ ¶ 7 Oklahoma law has long proscribed doing business with any "person, firm or corporation who is convicted of or pleads guilty to a felony involving fraud, bribery, corruption or sales to the state or to any of its political subdivisions." 51 O.S.1981 § 24.3. This section "is not, nor does it purport to be, penal, nor does it seek to impose penalty or punishment upon those debarred." *Gilbert Cent. Corp. v. State*, 1986 OK 6, ¶ 14, 716 P.2d 654, 659. "The evil intended to be avoided and the remedy afforded is to debar those who do not possess minimal standards of integrity, honesty and fair dealing from making sales to the State or any of its political subdivisions." *Gilbert Cent. Corp.*, 1986 OK 6, ¶ 26, 716 P.2d at 662.

¶ 8 Under ODOT regulations, a contractor is subject to debarment for a number of reasons:

> A contractor, any of its directors, officers, agents, or employees, any affiliate of a contractor, any subcontractor, or any material supplier shall be subject to debarment proceeding for the reasons set forth in this section. For purposes of this section, a plea of guilty or nolo contendere shall be considered a conviction.
>
> (1) Debarment may occur for any of the following reasons:
>
> (A) Conviction of a bidding crime which shall be defined as any act prohibited by any State or Federal law committed, by any court in any jurisdiction, when such act involves fraud, conspiracy, collusion, perjury or material misrepresentation with respect to any contract, public or private; or
>
> (B) Conviction of a crime involving fraud, moral turpitude, or offenses against the public contracting laws of the United States or any State of the United States; or
>
> (C) Conviction of any offense indicati[ng] a lack of moral and ethical integrity by any court in any jurisdiction, which may reasonably be perceived as relating to or reflection upon the business practices of the company, its officers, or directors; or
>
> (D) Any other cause of a serious and compelling nature affecting the responsibility of the contractor; or
>
> (E) Disqualification or debarment by another state or an agency of this State, or an agency of the Federal Government; or
>
> (F) Failure or refusal to comply with the terms of the contract or State law; or
>
> (G) Failure to fulfill obligations imposed by or as a result of the contract with the state or by state law.

O.A.C. 730:25–3–5(a). ODOT rules afford the right to appeal the administrative debarment, and at the hearing on the merits of the administrative appeal, "it shall be the burden of the Department to establish by clear and convincing evidence that the contractor did or failed to do those acts or omissions which resulted in the notification of the contractor of debarment or performance suspension." O.A.C. 730:25–3–5(c).

¶ 9 The parties agree that the Oklahoma Administrative Procedures Act, 75 O.S. § 250, et seq. (OAPA), governs review of final administrative debarment orders of ODOT. Under the OAPA, review by the trial and appellate courts is confined to the administrative record. 75 O.S. § 321. The trial and appellate courts apply the same standard of review:

> In any proceeding for the review of an agency order, the Supreme Court or the district or superior court, as the case may be, in the exercise of proper judicial discretion or authority, may set aside or modify the order, or reverse it and remand it to the agency for further proceedings, if it

determines that the substantial rights of the appellant or petitioner for review have been prejudiced because the agency findings, inferences, conclusions or decisions, are:

(a) in violation of constitutional provisions; or

(b) in excess of the statutory authority or jurisdiction of the agency; or

(c) made upon unlawful procedure; or

(d) affected by other error of law; or

(e) clearly erroneous in view of the reliable, material, probative and substantial competent evidence, as defined in [75 O.S. § 310], including matters properly noticed by the agency upon examination and consideration of the entire record as submitted; but without otherwise substituting its judgment as to the weight of the evidence for that of the agency on question of fact; or

(f) arbitrary or capricious; or

. (g) because findings of fact, upon issues essential to the decision were not made although requested.

 ¶ 10 Under the OAPA, we review questions of law *de novo*, i.e., without deference to the lower tribunal's determination. *See, e.g., Poteau Valley Imp. Authority v. Oklahoma Public Employees Retirement System*, 2010 OK CIV APP 45, ¶ 6, 233 P.3d 423, 426; *Vickers v. State ex rel. Oklahoma Police Pension and Retirement Bd.*, 2005 OK CIV APP 65, ¶ 8, 120 P.3d 862, 865. (Citations omitted.) On questions of fact:

An appellate court may not substitute its judgment for that of the agency on the latter's factual determinations. An agency's order will be affirmed if the record contains substantial evidence in support of the facts upon which the decision is based,

and if the order is otherwise free of error. An order is subject to reversal if an appealing party's substantial rights were prejudiced because the agency's findings, inferences, conclusions or decisions were entered in excess of its statutory authority or jurisdiction, were arbitrary or capricious, or were clearly erroneous in view of the reliable, material, probative and substantial competent evidence.

*Oklahoma Department of Public Safety v. McCrady*, 2007 OK 39, ¶ 10, 176 P.3d 1194, 1200–1201. . (Footnotes omitted.) A decision is "arbitrary and capricious" if "willful and unreasonable without consideration or in disregard of facts or without determining principle," or "unreasoning ... in disregard of facts and circumstances." *State ex rel. Bd. of Trustees of Teachers' Retirement System v. Garrett*, 1993 OK CIV APP 29, ¶ 6, 848 P.2d 1182, 1183. (Footnotes omitted.)

 ¶ 11 "The doctrine of equitable estoppel does not generally operate against public entities." *Strong v. State, ex rel. Oklahoma Police Pension and Retirement Board*, 2005 OK 45, ¶ 9, 115 P.3d 889, 893–94. "[T]he governmental shield against estoppel is formidable." *Poteau Valley Imp. Authority v. Oklahoma Public Employees Retirement System*, 2010 OK CIV APP 45, ¶ 9, 233 P.3d 423, 426. "Some stronger, more compelling policy or interest must be advanced before estoppel may be invoked against either the state or a public agency." *Strong*, 2005 OK 45, ¶ 9, 115 P.3d at 893–94. Whether the doctrine of estoppel is available constitutes a question of law which we review *de novo*. *Barber v. Barber*, 2003 OK 52, ¶ 5, 77 P.3d 576, 578–579 [1]; *Cities Service Co. v. Gulf Oil Corp.*, 1999 OK 14, ¶ 12, 980 P.2d 116, 124.[2]

1. "The issues before us arise from the court's ruling on matters of law, to-wit: whether Biological Mother was equitably estopped from contesting paternity, and whether Husband and Husband's parents were entitled to visitation rights with the son even though Husband is not the biological or adoptive father.... [S]ince both of these issues are matters of law, our review is de novo. 'An appellate court claims for itself plenary, independent and non-deferential authority to re-examine a trial court's legal rulings.' Upon de novo review, we hold that the principle of equitable estoppel is not applicable to prevent a timely challenge to the marital presumption." (Citations omitted.)

2. "Here our review of the availability of offensive nonmutual collateral estoppel—which includes the requirements of identical issues actually and necessarily determined by a final and valid decision, i.e. legal conclusions—is plenary. Nonetheless, the trial court's decision to give preclusive effect to the earlier federal court ruling and arbitration award—i.e., whether the prerequisites of a full and fair opportunity to litigate the issue in the earlier proceedings and fairness are present

¶ 12 In the present case, the evidence showed that ODOT notified GCC in 1999 that stone from its Onapa quarry was unacceptable and could not be used on state projects. The evidence also showed that GCC nevertheless used stone from its Onapa quarry up through 2001 on one or more of the subject projects, and that ODOT discovered the use of Onapa stone in one or more of the subject projects in 2003. ODOT temporarily suspended GCC in 2005, less than two years later. Glover and the GCC employees were indicted in 2006 and entered pleas of nolo contendere to conspiracy to defraud the state and witness intimidation in 2007. The administrative appeal, resulting in a 10–year debarment, was heard in 2008.

¶ 13 The issue of the improper substitution of materials has been the subject of an investigation, arbitration proceedings, and both civil and criminal litigation since 2003. Appellees have been afforded a full and fair opportunity to litigate the grounds for debarment. ODOT did not unreasonably delay the prosecution of its debarment action.

¶ 14 Further, we discern no compelling public policy or interest warranting application of the doctrine of estoppel against ODOT in the present case. Indeed, we can imagine no public policy which would favor the conduct of state business with a contractor who has entered a plea of no contest to charges of conspiring to defraud the state.

¶ 15 Appellees were subject to debarment under both Oklahoma law and ODOT regulation. The trial court erred in holding ODOT's debarment claim subject to estoppel. Having reviewed the administrative record, we further hold the administrative decision debarring Glover, GCC and its employees for a period of a ten years is not arbitrary, capricious or clearly erroneous on the evidence.

¶ 16 The order of the trial court granting Appellees' motion for new trial is REVERSED, and the cause REMANDED for entry of an order affirming the administrative order of debarment.

MITCHELL, P.J., and BUETTNER, J., concur.

[factual determinations]—is assayed by yet another standard.... [W]hether preclusive effect should be given to an earlier decision, lies within [the trial court's] broad discretion. [W]hile the doctrine's availability is reviewed de novo, the trial court's application of the doctrine will be considered under the deferential abuse-of-discretion standard." (Footnotes omitted.)