Cohen v. Plumtree, 170 Ill. App. 311.

GEORGE H. WHITE, for defendant in error; HENRY M. SELIGMAN, of counsel.

---

# Jennie Cohen, Defendant in Error, v. Oliver L. Plumtree, Plaintiff in Error.

## Gen. No. 16,189.

1. LANDLORD AND TENANT—*what establishes prima facie case in action for rent.* The production of the lease containing a provision for the payment of the amount claimed makes a *prima facie* case that

such sum is due without extrinsic proof that the same has not been paid.

2. LANDLORD AND TENANT—*obligation as to repairs.* The landlord is not liable for damages resulting to the tenant by reason of the premises being out of repair unless he has expressly bound himself to make repairs.

3. CONTEMPT—*when does not preclude maintenance of action.* The fact that the plaintiff has been adjudged guilty of contempt in another case pending in the same court does not preclude the maintenance by her of the action at bar.

Error to the Municipal Court of Chicago; the HON. STEPHEN A. FOSTER, Judge, presiding. Heard in this court at the March term, 1910. Affirmed. Opinion filed May 20, 1912.

ARTHUR C. BACHRACH, for plaintiff in error.

B. M. SCHAFFNER, for defendant in error.

MR. JUSTICE BAKER delivered the opinion of the court.

Defendant by written lease leased from the plaintiff, Jennie Cohen, certain premises from May 1, 1909, to April 30, 1910, and covenanted to pay to said lessor as rent therefor $390 in monthly installments of $32.50 each, in advance on the first day of each month. September 8, 1909, plaintiff brought this suit to recover $32.50, the rent due according to the terms of the lease for the month of September, 1909. On the trial of the cause by the court, the plaintiff introduced the lease and rested without proof that the rent due September 1 had not been paid. The court gave judgment for the plaintiff for $32.50, and the defendant prosecutes this writ of error.

The production of the lease made a *prima facie* case that the sum of $32.50 was due as rent under the lease on September 1, 1909, and the plaintiff was not required, in the first instance, to show that such rent had not been paid. "Where, under the terms of a written obligation, a specific sum of money becomes due and

payable at a certain time, the production of such obligation establishes *prima facie* that the amount therein stipulated to be paid is due.'' Montgomery v. Leuwen, 94 Minn. 133.

There is in the record no evidence showing any such relation between plaintiff and P. Cohen as would render her liable to the defendant for any damage to the property of the defendant in the demised premises caused by the negligent act of P. Cohen.

There is no implied contract on the demise of real estate that it shall be fit for the purposes for which it was let, or that the landlord will make repairs. The landlord is therefore not liable for damages resulting to the tenant by reason of the premises being out of repair unless he has expressly bound himself to make repairs by the terms of the contract to let. Sunasack v. Morey, 196 Ill. 569; Taylor on Landlord and Tenant, Sec. 382. Where, however, there are concealed defects in the demised premises, attended with danger to an occupant which a careful examination would not disclose, but which are known to the landlord, the latter is under obligation, imposed on him by law, to reveal them to the tenant, in order that he may guard against them, and on the landlord's failure to perform such duty he will be liable for the damages which actually result to the tenant therefrom. Sunasack v. Morey, *supra*, 571.

Whether there was a fraudulent concealment or misrepresentation as to the state of the demised premises on the part of the lessor, was a controverted question of fact in the case, on which the trial Court found against the contention of the defendant, and we cannot say that such finding is against the evidence.

The rule that a party in contempt will not be permitted to take any steps in the case in which the contempt occurs, is not applicable to the facts of this case. The contempt occurred in another case, to which the defendant in this case was not a party, and plaintiff's

right to maintain this suit was not affected by the adjudication that she was guilty of contempt in that case.

Finding no errors in the record, the judgment is affirmed.

*Affirmed.*