**LAMME et al. v. SKELTON et al.**

No. 11339—Opinion Filed July 31, 1923.

(Released for Publication March 3, 1925.)

**1. Dismissal—Failure to Prosecute Action.**

When the issues are fully joined, and a cause comes on regularly for trial, all parties being present and ready, and the plaintiff refuses to proceed or to introduce any evidence in support of the petition, it is the duty of the court to dismiss plaintiff's cause of action, and no error can be predicated on such action of the court.

**2. Appeal and Error—Appealable Orders—Order Vacating Judgment and Granting New Trial.**

An order of the district court vacating

and setting aside a judgment and granting the party a new trial, as provided in section 5267, Rev. Laws 1910 (sec. 810, Comp. Stat. 1921), is an order granting a new trial within the meaning of section 5236, Revised Laws 1910 (sec. 780, Compiled Oklahoma Statutes 1921), and is an appealable order, reviewable in this court.

3. Same—Jurisdiction—Appeal Out of Time.

Record examined, and held, that this court is without jurisdiction to entertain an appeal from an order vacating a judgment, which appeal is not filed in this court within the time prescribed by section 798, Compiled Oklahoma Statutes 1921.

(Syllabus by Estes, C.)

Commissioners' Opinion, Division No. 2.

Error from District Court, Okmulgee County; Mark L. Bozarth, Judge.

Action by M. J. Lamme and Cora E. Clarke, against J. A. Price and Jas. T. Pancoast, administrators of the estate of L. S. Skelton, deceased, and J. H. Gardner, for the cancellation of an oil and gas mining lease on certain real estate. Judgment by default for plaintiffs, and from a judgment in favor of defendants vacating said default judgment, plaintiffs bring error. Dismissed.

I. T. Wysong, W. W. Noffsinger, and A. L. Harris, for plaintiffs in error

William M. Matthews, for defendants in error.

Opinion by ESTES, C. Plaintiffs sued the defendants to cancel an oil and gas mining lease, and for an accounting of royalties, and obtained judgment by default accordingly, on October 24, 1917. After the term, and on February 6, 1918, defendants filed petition to vacate said judgment, complying with the statutes in all respects, and on December 24 1918, said default judgment, on hearing, was duly vacated and defendants permitted to file their answer. At this time, plaintiffs gave notice of appeal and time was duly allowed for preparing and serving case-made. Thereafter, and on October 20, 1919, the cause came on for trial and the plaintiffs refused to prosecute their action, and the cause was by the court dismissed. The record also shows that the plaintiffs, at this time, announced in open court their intention to stand upon the original default judgment. Plaintiffs then filed motion for new trial, which was overruled, and perfected an appeal to this court. The cause is now for hearing on the motion of defendants to dismiss the appeal for want of jurisdiction in this court.

1. After the default judgment was set aside and the issues were duly joined, the case came on for trial and the plaintiffs refused to proceed, or to introduce any evidence in support of their petition. They abandoned their cause of action and the court properly dismissed same. They cannot now be heard to complain in this behalf.

2, 3. In Pennsylvania Company v. Potter et al., 108 Okla. 49, 233 Pac. 700, it is held that an order of the district court vacating and setting aside a judgment and granting the party a new trial, provided for in section 5267, Rev. Laws 1910, section 810, Comp. Stat. 1921, is an order granting a new trial within the meaning of section 5236, Rev. Laws 1910, section 780, Comp. Stat. 1921, and is an appealable order reviewable by this court. This cases reverses a long line of decisions to the contrary in this jurisdiction. The order vacating said default judgment was made on December 24, 1918. The petition in error and case-made were filed in the Supreme Court on the 19th day of April, 1920, and not within the six months provision of section 798, Comp. Stat. 1921.

This court has no jurisdiction to entertain this cause on appeal, and the motion of defendants to dismiss same should be, and is, therefore, sustained.

By the Court: It is so ordered.