## SOUTHWESTERN NATURAL GAS CO. v. STERLING.

Nos. 27962, 27963, 27964, Consolidated.

Dec. 6, 1938.

Clyde H. Hale and Underwood, Canterbury, Pinson· & Lupardus, for plaintiff in error.

Benjamin B. Wheeler, for defendant in error.

HURST, J. Three actions are here consolidated. The facts have been fully stated in Southwestern Natural Gas Co. v. Vernor (1936) 178 Okla. 344, 62 P.2d 1262, which was an original action in this court for a writ of mandamus to compel the judge of the district court to permit plaintiff, Southwestern Natural Gas Company, to proceed to trial in these three actions. The writ was denied for the reason that plaintiff had an adequate remedy at law by appeal. This is the appeal of those cases. We will only briefly summarize the facts in so far as is necessary to present the issues now involved.

Plaintiff had instituted a condemnation action in the district court for the purpose of laying a gas pipe line and telephone line over the land of defendant Sterling. The lines were installed, and the court, on April 13, 1935, made an order in that case requiring plaintiff to immediately pay the amount of the award returned by the condemnation commissioners. This the plaintiff refused to do. The appeal in that case was before this court in State ex rel. v. Brewer. Southwestern Natural Gas Co. v. Sterling (decided November 15, 1938, 184 Okla. 129, ___ P.2d ___. Thereafter, on June 4, 1936, plaintiff filed the three actions involved here. One action was for damages for the wrongful procurement of a restraining order which prevented plaintiff company from removing certain pipe lines from lands other than those of defendant. The second action was for damages for conversion based upon the alleged wrongfu' act of defendant in refusing to permit the removal of the pipe line from his premises. The third action was for damages for malicious destruction of the telephone line constructed across defendant's premises. In each of these three cases, defendant Sterling filed a motion to strike the petition and dismiss the case for the failure of plaintiff to comply with the court's order in the condemnation action. After hearing upon these motions. the three actions were dismissed.

■ Plaintiff challenges the authority of the court to dismiss the actions. The defendant takes the position that the court had authority to dismiss the actions as punishment for an indirect contempt committed by plaintiff in refusing to obey the order of the court in the condemnation action. He relies upon authorities to the effect that a party in contempt may be denied the right of appeal, or other privileges as a litigant in the proceeding out of which the contempt arose, until he purges himself of the contempt. He contends that, since the three actions here involved are based upon allegations of facts which arose in connection with plaintiff's condemnation action, the cases are so related that these authorities are controlling. But we do not think the cases cited are in point on the question involved here. The three actions involved here are separate and distinct from the condemnation action. The present suits are actions in tort wherein the party who instituted the condemnation action now seeks to recover damages from the landowner. Therefore the question presented here is whether a court, as punishment for an indirect contempt arising out of one action, may prevent the party in contempt from proceeding in other actions pending before the court.

Assuming for the purposes of this opinion that the action of plaintiff in the condemnation suit constitutes an indirect contempt within the meaning of section 1956, O. S. 1931 (21 Okla. St. Ann. sec. 565), and assuming further that the procedural requirements specified in section 1958, O. S. 1931 (21 Okla. St. Ann. sec. 567), have been complied with, yet we find no law authorizing the dismissals, and none has been recited by defendant.

The only statute on the subject is section 418, O. S. 1931 (12 Okla. St. Ann. sec. 683), where it is provided that "an action may be dismissed, without prejudice to a future action: * * * Fifth. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action." However, a reading of this statute reveals that it authorizes the dismissal for disobedience of an order **"concerning the proceedings in the action"**, and not for disobedience of an order in another action.

Nor can the action of the court be supported by the inherent power of the court to punish for contempt. It has always been recognized that the rule authorizing the court to deny a litigant the privilege of proceeding further until he has purged himself of contempt is limited to the proceedings in the cause in which the contempt occurred.

In Clark v. Dew (1829, Eng.) 1 Russ. & M. 103, the plaintiff applied for the appointment of a receiver, and it was objected by the defendant that, as the plaintiff was in contempt of court for disobeying certain orders in another cause pending between the same parties, he ought not be heard in this. The Lord Chancellor said:

"The practice was the same, I apprehend, in equity as at law, that a party could not move till he cleared his contempt, but the rule must be confined to proceedings in the same cause; otherwise, the consequence would be that a party * * * might be prevented from prosecuting claims, however just, against the person who had succeeded in obtaining that order."

This statement of the law has been quoted with approval in Alaska Gold Recovery Co. v. Northern Mining & Trading Co. (1926) 7 Alaska Rep. 386, and Hovey v. Elliott (1897) 167 U. S. 409, 17 S. Ct. 841, 42 L. Ed. 215.

The rule is stated in 13 C. J. 91, sec. 139, as follows:

"One in contempt may be denied certain favors of court and privileges as a litigant until he has purged himself of the contempt, but the rule denying the privilege is limited to the proceedings in the cause in which the contempt occurred."

To the same effect is Davenport v. Davenport (1924, Mont.) 222 P. 422. In Cohen v. Plumbtree (1912) 170 Ill. App. 311, it was held that "the fact that the plaintiff has been adjudged guilty of contempt in another case pending in the same court does not preclude the maintenance by her of the action at bar."

Judgment reversed, with directions to vacate the orders of dismissal and to make up the issues and proceed not inconsistent with the views herein expressed.

OSBORN, C. J., BAYLESS, V. C. J., and WELCH and CORN, JJ., concur.