Robert Eugene GOINS and Margaret Louise
Goins, Plaintiffs in Error,

v.

John M. FOX, Earl B. Oakes, Jr., and
Lloyd G. Larkin, Defendants
in Error.

No. 38013.

Supreme Court of Oklahoma.

Nov. 12, 1958.

Vural L. Gilley, Tulsa, for plaintiffs in error.

Larkin & Hamilton, Tulsa, for defendants in error.

CARLILE, Justice.

This action was instituted by Robert E. Goins and Margaret Louise Goins against John M. Fox, Earl B. Oakes, Jr., and Lloyd G. Larkin to cancel a note, chattel mortgage and lease and to recover $6,800.00 alleged to have been obtained from plaintiffs by the defendants by false and fraudulent means. The defendants first filed a motion to quash summons which was overruled and they were given 15 days to answer, but instead filed a motion to dismiss the action with prejudice which motion alleges in

substance that the action is brought for the sole purpose of vexing, harassing and embarrassing the defendants, that it is the fourth action filed by plaintiffs on petitions that are identical or substantially the same, one of such actions was filed in the Court of Common Pleas, that the three previous actions were dismissed by plaintiffs after hearing on defendants' motion to make the petitions more definite and certain or to strike portions and were filed under new numbers without compliance with the previous orders of the court regarding amendment. That the dismissal and refiling of an action without compliance with court order constitutes a collateral attack on the orders of the court and is an abuse of its process, that the defendants, Fox and Oakes, have been forced to defend themselves upon substantially identical pleadings in three previous actions, the defendant Larkin having been named as defendant only in the present case, that defendants have no adequate legal remedy to terminate the harassing litigation.

After a hearing thereon, the motion to dismiss was sustained as follows:

"It Is Therefore Ordered, Adjudged and Decreed that the motion of defendants be sustained and the cause of action herein is hereby dismissed with prejudice to further action and plaintiffs and each of them are hereby enjoined and restrained from filing any further action against said defendants based upon the subject matter of the cause herein."

Plaintiffs excepted and gave notice of appeal on the original record and filed their petition in error herein.

The parties will be referred to here as they were in the District Court.

Plaintiffs' first and principal ground for reversal of the order is that the trial court had no authority to dismiss their action with prejudice and erred in so doing. They call attention to 12 O.S.1951 § 683, which provides: "An action may be dismissed, without prejudice to a future action, * * Fifth, By the court, for disobedience by

plaintiff of an order concerning the proceedings in the action."

■ The opinion in Shinn v. Morris, 205 Okl. 289, 237 P.2d 455, 456, states:

"(1) A party has an absolute right to dismiss an action under the provisions of Sec. 684, Title 12 O.S., 1941, upon payment of costs, at any time before a petition of intervention or answer praying for affirmative relief against him is filed in the action. Such voluntary dismissal operates to terminate the jurisdiction of the court over the subject matter of the action. Wood v. Hines, 117 Okl. 86, 245 P. 846."

No statute or decision is cited as authority for dismissal of the plaintiffs' action with prejudice. The defendants in their brief admit that ordinarily when an order requiring amendment is not complied with by plaintiffs the suit ought to be dismissed without prejudice as held in Commonwealth Co. v. Lowenhaupt, 179 Okl. 557, 66 P.2d 1064, but asserts that the right of the trial court to dismiss the present action was not founded upon any statute and should be sustained because of the broad inherent powers of a court of general jurisdiction.

■ We think it apparent from the proceedings and the Court's order of dismissal that the trial court was acting or attempting to act under its statutory power to dismiss an action and exceeded its statutory authority by dismissing the action with prejudice. The only evidence or basis for dismissing the action was the court record showing the orders and dismissal of the plaintiffs' previous cases. A dismissal under the statute for disobedience by a plaintiff of a court order respecting the pleadings must be without prejudice.

Commonwealth Co. v. Lowenhaupt, supra, holds:

"3. The court may dismiss without prejudice where plaintiff fails or refuses to comply with a proper order (section 418, Oklahoma Statutes 1931, 12 Okl.St.Ann., § 683). Dismissal of cause with prejudice for failure to

comply with order to make more definite and certain is error."

The opinion in Cadwell v. Ryan, 184 Okl. 174, 86 P.2d 282, 283, states: "If the court dismisses an action on account of any of six causes set out in section 418, O.S. 1931, 12 Okl.St.Ann. § 683, it must be done, as therein provided, without prejudice to a future action." See also Southwestern Natural Gas Co. v. Sterling, 184 Okl. 91, 85 P.2d 302, and Cook v. Search, 100 Okl. 45, 226 P. 1039.

■ A dismissal of an action with prejudice ordinarily precludes a plaintiff from bringing a future action on the same cause and in effect is a final disposition of plaintiff's claim. No such disposal of the present action is authorized by statute.

27 C.J.S. Dismissal and Nonsuit § 39, p. 198, is in part as follows:

"A voluntary discontinuance, dismissal, or nonsuit by a party plaintiff does not of itself satisfy and discharge the debt or cause of action, and hence does not preclude plaintiff from bringing a new suit for the same cause * * under some statutes, until the action is barred, plaintiff may at his option dismiss his suit and recommence as often as he chooses, subject only to liability for the costs in case of renewal. Under other statutes two nonsuits are equivalent to a verdict against the party suffering them * * *."

The next above-quoted text cites the case of Poplarville Sawmill Co. v. L. F. Driver & Co., 17 Ga.App. 674, 88 S.E. 36, which holds:

"1. Unless the bar of the statute of limitations would attach, but for the renewal of the suit within six months, and until the action is barred by the statute of limitations, it is within the power of a plaintiff, at his own option, to dismiss his suit and recommence it as often as he chooses, subject only to liability for the cost in case he desires to renew the action."

The order of dismissal in the present case was apparently entered because of failure of the plaintiffs to comply with an order of the Court in the preceding case or cases dismissed by plaintiffs. The Court's jurisdiction in those cases terminated on their dismissal. Shinn v. Morris, supra. The Court had made no order in the present case at the time of its dismissal with respect to plaintiffs' petition and the plaintiffs did not violate or disobey any order of the Court concerning the proceedings in the case then pending.

■ We find no basis in the record and the law applicable thereto to justify or support a dismissal of plaintiffs' action either with or without prejudice and the Court erred in dismissing the same.

The judgment or order of the District Court is reversed with directions to reinstate plaintiffs' action and fix the time within which defendants may plead or file their answer.