**Alex C. NWACHUKU, Appellant,**

v.

**YELLOW CAB CO., INC., Appellee.**

**No. 82051.**

Court of Appeals of Oklahoma, Division No. 3.

Feb. 21, 1995.

Certiorari Denied April 20, 1995.

bility under the Governmental Tort Claims Act,

concluding his petition stated a cause of action.

Alex Nwachuku, Oklahoma City, pro se.

Kent Fleming, Brently C. Olsson, Oklahoma City, for appellee.

## OPINION

GARRETT, Chief Judge.

In 1988, Alex Nwachuku (Appellant) sued Yellow Cab Co. (Appellee) for damages. He alleged he sustained injuries while riding as a passenger in a taxi cab owned by Appellee. The taxi cab was hit from behind by another car. The owner of the car was uninsured. Appellant alleged Appellee had the duty to provide uninsured motorist coverage for its passengers. The court entered an order finding Appellee was obligated to provide such coverage. Appellee filed an interlocutory appeal. The Supreme Court refused to hear the interlocutory appeal and remanded the case to the trial court.

Upon remand, the case was transferred from the judge that ruled on the uninsured motorist issue to another judge. Appellant filed a motion for the case to be set for jury trial. In April, 1993, it was set for jury trial. Appellant moved for a continuance in late March 1993. His motion was sustained and the court rescheduled the jury trial for June 7, 1993. Appellant filed a motion to amend which came on for hearing on May 21, 1993. A journal entry dated May 21, 1993, contains the following statement: "[Appellant] announced in open Court he would withdraw his Motion to Amend his Petition to include punitive damages so that the trial date set forth in the Scheduling Order [June 7, 1993], would not be stricken." The case was then set for jury trial on June 14, 1993. On June 14, 1993, all parties appeared. Appellee was ready for trial. Appellant demanded a continuance, and, in effect, refused to proceed to trial because Appellee's witnesses had appeared without the documents allegedly required in Appellant's subpoena. The trial court, having no alternative, ordered the matter stricken from the trial docket.

Later, Appellee moved for dismissal or in the alternative, sanctions. The case was dismissed without prejudice for failure to prosecute by the court's order dated July 30, 1993. In its order the court found "the [Appellant] failed to prosecute with diligence his claim against [Appellee], by asking for two continuances of trial dates, one trial was set for April, 1993 and the other in June, 1993. In particular, the last time the case was specially set for trial on June 14, 1993 and on that very day the [Appellant] asked for a continuance."

■ Appellant contends the dismissal for failure to prosecute was error because the Supreme Court's mandate, dismissing the interlocutory appeal, required the trial court to give him a trial. Appellant further contends it was error to transfer the case from one judge to another because the Supreme Court's mandate required the judge that ruled on the uninsured motorist question hear the case. Appellant's interpretation of the mandate is incorrect. The mandate does not require a particular judge to preside over the case upon remand or that any certain action be taken other than as the language of the mandate states, "to cause such dismissal

to show of record in your court and to issue such process and take such other and further action as may be in accord with right and justice and said order." The dismissal of the action, absent an abuse of discretion by the court, does not violate the directions in the mandate.

 Appellant also contends it was error to dismiss the case for failure to prosecute because: the case was never inactive; the attorneys for Appellee acted in bad faith to prevent him from obtaining needed evidence; and, Appellee's attorney's conspired to deprive Appellant of a trial. Appellant argues on appeal he was forced to request a continuance of the case because Appellee's witnesses did not bring to trial the documents he needed as evidence. There was no "subpoena duces tecum". Appellant did subpoena Appellee's witnesses by causing a "subpoena per diem" to be served on them. They complied with the subpoena and were there and were ready to testify. There was nothing in the "subpoena per diem" which could cause it to be construed to be a "subpoena duces tecum", or requiring any witness to bring any document. A party proceeding pro se is to be held to the same standards as an attorney. *Funnell v. Jones,* 737 P.2d 105, 107 (Okl.1985). Needless to say, Oklahoma law does not provide for a "subpoena per diem". Under the circumstances of this case, the fact that witnesses did not bring documentary evidence did not constitute a reason for Appellant's refusal to go to trial.

 The granting or refusing a continuance is discretionary with the court and unless it clearly appears on the record that such discretion has been abused, this Court will not find reversible error. *Federal Land Bank of Wichita v. Musgrove,* 796 P.2d 641 (Okl.App.1990). A court has discretionary power to dismiss an action without prejudice for want of prosecution. *Kinter v. Baskin,* 520 P.2d 679 (Okl.1974). See also 12 O.S. 1991 § 683. It has been held it is the duty of the court to dismiss a plaintiff's cause of action when the issues are fully joined, the cause comes on for trial, all parties are present and ready and the plaintiff refuses to proceed. *Lamme v. Skelton,* 106 Okla. 214, 233 P. 705 (1925).

 There is no transcript before this Court of the proceedings on June 14, 1993. Further, there is no transcript before this Court of the July 16, 1993 hearing which resulted in the July 30, 1993 order dismissing the case. Having no record to the contrary, we are required to presume the court's order was correct. *Funnell, supra.* Error is not presumed from a silent record; error must be affirmatively demonstrated by the Appellant. *Chamberlin v. Chamberlin,* 720 P.2d 721 (Okl.1986), *Eckel v. Adair,* 698 P.2d 921 (Okl.1984). Appellant has not shown an abuse of discretion. The dismissal was without prejudice. 12 O.S.1991 § 100 applied. We see no error.

AFFIRMED.

HUNTER and ADAMS, JJ., concur.