2010 OK CIV APP 27

**Julie Ann MORRIS, Plaintiff/Appellant,**

**v.**

**CITY OF OKLAHOMA CITY, City Airport Trust, Atlantic Coast Airlines, and United Airlines, Inc., Defendants/Appellees.**

**No. 107,368.**

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 9, 2010.

Jason B. Reynolds, Billy D. Griffin, Griffin, Reynolds & Associates, Oklahoma City, OK, for Plaintiff/Appellant.

Bradley K. Donnell, Rodney K. Hunsinger, McAfee & Taft, A Professional Corporation, Oklahoma City, OK, for Defendants/Appellees.

DOUG GABBARD II, Presiding Judge.

¶ 1 Plaintiff, Julie Ann Morris, appeals the trial court's dismissal with prejudice of her negligence action against Defendants City of Oklahoma City, City Airport Trust, Atlantic Coast Airlines (Atlantic), and United Airlines, Inc. (United). We affirm.

### FACTS

¶ 2 In November 2005, Plaintiff filed a negligence suit against Defendants. Her petition alleged that, in August 2003, she was a passenger on an Atlantic flight from Will Rogers World Airport in Oklahoma City, Oklahoma, to Dallas, Texas; that Defendants forced her and other passengers to stay on the plane for several hours without air conditioning while the plane was delayed on the airport tarmac; and, when Plaintiff was finally allowed to exit the plane, she lost consciousness from a heat stroke, fell, and sustained serious injuries. Plaintiff alleged that, at the time of the incident, Will Rogers World Airport was owned and operated by Defendants City of Oklahoma City and/or City Airport Trust, and that Defendant Atlantic was operating on behalf of United.

¶ 3 Plaintiff never served summons on Defendants. On September 26, 2008, almost three years later, the trial court dismissed the action without prejudice to refiling, for failure to prosecute.

¶ 4 On October 1, 2008, Plaintiff refiled her lawsuit. The 2008 petition makes identical allegations as the 2005 lawsuit, and notes that it is being re-filed "pursuant to 12 O.S. 2001 § 100," the savings statute.[1] Once again, Plaintiff never served summons on any of Defendants. However, on March 25, 2009, she served summons on *counsel* for Defendants Atlantic and United.

¶ 5 On April 6, 2009, Atlantic and United filed a "Limited Entry of Appearance, Motion to Transfer to Judge Daniel L. Owens, and Motion to Dismiss for Failure to Serve and Diligently Prosecute," requesting that the case be assigned to Judge Owens, the judge who had dismissed the earlier case.[2] They requested that the re-filed lawsuit be dismissed pursuant to 12 O.S. Supp.2008 § 2004(I)[3] for failure to serve summons within 180 days of filing, and pursuant to District Court Rule 9 for failure to diligently prosecute. Regarding the latter ground, Defendants asserted that Plaintiff had totally failed to prosecute both her original action and her refiled action. They asserted Plaintiff had made no attempt to serve Defendants with her 2005 petition between August 2005 and November 7, 2005, the date that Atlantic sought bankruptcy protection; that Atlantic was discharged from bankruptcy on December 27, 2006; and that Plaintiff subsequently failed to attempt service upon Defendants between that date and September 26, 2008, when the trial court dismissed the original action. They also alleged that Plaintiff had again failed to serve Defendants with process since refiling her action on October 1, 2008.

¶ 6 Plaintiff did not disagree with most of the facts asserted by Defendants. However, she alleged that she served summons on counsel for Atlantic and United only after such counsel agreed to accept service. Plaintiff's attorney attached an affidavit from his legal assistant, wherein she stated that she "spoke with an assistant in Bradley Donnell's office regarding service" and:

> 4. I was advised by the assistant that McAfee & Taft would agree to accept service of the summons and petition on behalf of Atlantic Coast Airlines and United Airlines, Inc., in the above referenced matter. Again, I do not recall the name of the person with whom I spoke.

¶ 7 Atlantic and United's attorneys replied that they had never agreed to accept service on behalf of their clients. They also attached affidavits from attorney Donnell's secretary and paralegal wherein they stated that they had never had any communications with Plaintiff's attorney's office, had never agreed to accept service for Atlantic and United, and had no authority to do so. Atlantic and United asserted that Plaintiff's purported service was ineffective and not in compliance with § 2004.

¶ 8 On June 29, 2009, after conducting an evidentiary hearing, the trial court quashed the purported service, denied Plaintiff additional time to serve any of Defendants, and granted a dismissal with prejudice of the entire action. Plaintiff appeals.

## STANDARD OF REVIEW

¶ 9 A court's power to dismiss for failure to comply with a procedural rule or for failure to prosecute has long been recognized. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962); 24 Am.Jur.2d *Dismissal* §§ 57, 61 & 64 (2008). It is an inherent power of the court which has its roots in judgments of nonsuit and non prosequitur at common law, and dismissals for want of prosecution of bills of equity. 370 U.S. at 630, 82 S.Ct. at 1388. Because the grant or denial of a motion to dismiss for failure to comply with a procedural rule or for failure to prosecute involves the exercise

---

1. Title 12 O.S.2001 § 100 provides: "If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

2. Defendants' request that the case be assigned to Judge Owens was based upon Local Court Rule No. 8. Eventually, the assignment was made without objection by Plaintiff.

3. Effective November 1, 2009, § 2004(I) was amended. We refer here to the version of the statute in effect at the time these proceedings occurred.

of judicial discretion, this Court will affirm same unless there is an abuse of discretion. *See* 24 Am.Jur.2d *Dismissal* § 59 (2008); *Meeker v. Rizley*, 324 F.2d 269 (10th Cir. 1963).

## ANALYSIS

¶ 10 The trial court did not state its specific reason for granting dismissal. However, Defendants sought dismissal on two grounds: first, that Plaintiff had failed to serve summons within 180 days as required by § 2004; and second, that Plaintiff had failed to diligently prosecute her action as required by District Court Rule 9, 12 O.S. 2001 ch. 2, app.

Regarding Defendants' first ground for dismissal, § 2004(I) states:

If service of process is not made upon a defendant within one hundred eighty (180) days after the filing of the petition and the plaintiff cannot show good cause why such service was not made within that period, the action may be dismissed as to that defendant without prejudice upon the court's own initiative with notice to the plaintiff or upon motion....

Section 2004(C) specifies the manner and method of effecting service of summons. Indisputably, Plaintiff did not effect service of summons upon any of Defendants in the manner provided by the statute within 180 days of refiling her petition. The statute does not authorize service of summons upon a parties' counsel.

¶ 11 Nevertheless, a party may agree to waive service of summons. *See Graff v. Kelly*, 1991 OK 71, 814 P.2d 489. In addition, a party may be estopped from seeking a § 2004(I) dismissal when that party is responsible for the other party's failure to timely serve summons. Equitable estoppel holds a person to a representation made, or a position assumed, where otherwise inequitable consequences would result to another, who has in good faith relied upon the representation or position. *Oxley v. Gen. Atl. Res., Inc.*, 1997 OK 46, 936 P.2d 943.

¶ 12 Here, Plaintiff claims that counsel for Atlantic and United agreed to accept service of summons. However, those two Defendants deny this claim. The trial court held an evidentiary hearing and resolved the factual dispute by dismissing the action, thereby implicitly concluding that Defendants' counsel had not made an agreement or such representations.

¶ 13 The findings of a trial court on issues of fact are as binding on appeal as the verdict of a jury, and if there is any competent evidence to support the findings they will not be disturbed. *Tax/Inv. Concepts, Inc. v. McLaughlin*, 1982 OK 134, 670 P.2d 981; *Bullard's Oil Field Serv., Inc. v. Williford Energy Co.*, 1992 OK 128, 839 P.2d 185. Trial court error is never presumed; absent a record showing otherwise, we presume that the trial court did not err. An appellant has the duty to provide a sufficient record to demonstrate trial court error. *Pracht v. Okla. State Bank*, 1979 OK 43, 592 P.2d 976. Here, Plaintiff has not submitted either a transcript of the evidentiary hearing or a narrative record thereof. Thus, she has failed to carry her burden of providing a sufficient record to show trial court error.

¶ 14 Regarding Defendants' second ground for dismissal, District Court Rule 9 provides, in part:

b. Where an action is not diligently prosecuted, the court may require the plaintiff to show why the action should not be dismissed. If the plaintiff does not show good cause why the action should not be dismissed, the court shall dismiss the action without prejudice. A court shall dismiss actions in which no action has been taken for a year as provided in 12 O.S.1981 § 1083.[4]

¶ 15 Here, Plaintiff's suit was based upon an event which had occurred almost six years

---

4. Title 12 O.S. Supp.2009 § 1083 provides:
   Any action in which no pleading has been filed or other action taken for a year and in which no motion or demurrer has been pending during any part of said year shall be dismissed without prejudice by the court on its own motion after notice to the parties or their attorneys of record; providing, the court may upon written application and for good cause shown, by order in writing allow the action to remain upon its docket.

previously. Her original lawsuit was filed in 2005. In the intervening four years, she never effected service of summons. The records and briefs provide no justifiable reason or excuse for Plaintiff's failure to prosecute this action.

¶ 16 Based upon the record before us, we find no abuse of discretion in the trial court's grant of dismissal. A dismissal appears to have been justified under either § 2004(I) or District Court Rule 9. However, we note that neither the statute nor the rule authorize a dismissal with prejudice. Nevertheless, *any* dismissal of an otherwise time-barred case refiled pursuant to 12 O.S.2001 § 100, the savings statute, is effectively a dismissal with prejudice since the statute allows only one refiling. *Hull v. Rich,* 1993 OK 81, 854 P.2d 903; *Ashby v. Harris,* 1996 OK 70, 918 P.2d 744. Thus, any trial court error in entering the dismissal "with prejudice" is harmless.

## CONCLUSION

¶ 17 For all these reasons, the trial court's order is affirmed.

¶ 18 AFFIRMED.

RAPP, J., and GOODMAN, J. (sitting by designation), concur.