2010 OK CIV APP 101

**Thomas R. NELSON, Plaintiff/Appellant,**

v.

**MERCY HEALTH CENTER, INC., an Oklahoma corporation, Defendant/Appellee,**

and

**Robert Ricketson, M.D., and Edmond Spine Center, Inc., an Oklahoma corporation, Defendants.**

**No. 107,822.**

Court of Civil Appeals of Oklahoma, Division No. 4.

May 11, 2010.

Certiorari Denied Sept. 20, 2010.

---

Ben T. Lampkin, Justin W. Perry, Ben Lampkin & Associates, Edmond, Oklahoma, for Plaintiff/Appellant.

Michael J. Heron, Patrick R.B. Sherry, Heron, Sweet, Fox & Trout, P.C., Edmond, Oklahoma, for Defendant/Appellee.

DOUG GABBARD II, Presiding Judge.

¶1 Plaintiff, Thomas R. Nelson, appeals the District Court Rule 9(b) dismissal of his malpractice suit against Defendant, Mercy Health Center, Inc., an Oklahoma corporation. We reverse and remand with directions.

## BACKGROUND

¶2 Plaintiff filed suit on December 8, 1999, against Dr. Robert Ricketson, Edmond Spine Center, Inc., and Mercy Health Center, Inc. (Mercy). He alleged that he was injured during a surgery performed by Dr. Ricketson at Mercy exactly two years earlier. Plaintiff failed to issue summons or obtain a waiver. On April 13, 2001, Judge Carolyn Ricks dismissed the action pursuant to District Court Rule 9(a).[1]

---

1. District Court Rule 9(a), 12 O.S.2001, Ch. 2, App., provides:

In any case in which summons is not issued or waiver filed within ninety (90) days after the filing of the petition, or alias summons is not issued within thirty (30) days after return of the summons not served, the action may be dismissed by the court without notice to the plaintiff.

¶ 3 On April 15, 2002, Plaintiff timely re-filed his petition.[2]  On September 26, 2002, Plaintiff mistakenly issued summons in the original, now-dismissed lawsuit, instead of the pending, refiled lawsuit.  On November 13, 2002, Dr. Ricketson filed a special appearance and a motion to dismiss.  Six days later, Plaintiff filed an application nunc pro tunc to correct the case number on the summons issued in September to reflect the pending, refiled lawsuit.[3]  However, on December 20, 2002, Judge Ricks dismissed the refiled action pursuant to District Court Rule 9(b).

¶ 4 Thereafter, Plaintiff filed a motion to vacate, which Judge Ricks granted.  Plaintiff dismissed Dr. Ricketson and Edmond Spine Center from his lawsuit, with prejudice.  Plaintiff filed a motion for default judgment against Mercy.  Judge Patricia Parrish granted the motion, and later set the amount of Plaintiff's damages at $437,000.[4]

¶ 5 After Mercy was served with the journal entry of judgment, it filed a motion to vacate for improper service, alleging that Plaintiff had failed to serve Mercy's registered service agent, The Corporation Company.  The trial court granted the motion to vacate and reinstated the case.  Mercy then filed a motion to dismiss pursuant to what is now 12 O.S. Supp.2009 § 1083 (failure to prosecute an action for a period of one year) and District Court Rule 9(b) (failure to diligently prosecute an action).  On July 23, 2008, the trial court dismissed the action.

¶ 6 Plaintiff appealed.  In Appeal No. 106,-216, another division of the Court of Civil Appeals (COCA) reversed the dismissal, holding: (1) § 1083 did not authorize a dismissal because there had been action in the case within one year immediately prior to the filing of the motion to dismiss; and (2) a dismissal under Rule 9(b) is not authorized unless a plaintiff fails to show good cause why his case should not be dismissed and the defendant is prejudiced by the plaintiff's failure to prosecute; and the trial court's order was silent regarding both issues.

¶ 7 On remand, Mercy filed a second motion to dismiss pursuant to District Court Rule 9(b), asserting that Plaintiff had not shown good cause for the delay in service and that Mercy had been prejudiced.  Plaintiff responded that if the COCA remand had intended to allow Mercy another opportunity to present a motion to dismiss, it would have said so, and that Mercy had failed to show any prejudice.[5]

¶ 8 On November 9, 2009, the trial court dismissed the case, finding:

(1) Plaintiff provided no basis for the delay in prosecution.  As such, he has failed to show good cause why his case should not be dismissed.

(2) In its motion Defendant demonstrated sufficient prejudice from the delay in prosecution of this matter.

¶ 9 Plaintiff appeals.

## STANDARD OF REVIEW

¶ 10 In granting a dismissal, a court should be mindful that public policy encourages the disposition of actions on their merits.  *Fischer v. Baptist Health Care of Okla.*, 2000 OK 91, ¶¶ 7–8, 14 P.3d 1292, 1293–94; *Boston v. Buchanan*, 2003 OK 114, ¶¶ 17–18, 89 P.3d 1034, 1040–41.  A dismissal for failure to prosecute should not be used against the momentarily negligent, but should be used to prod attorneys to bring cases to trial and to dismiss the truly dormant cases.  *Buchanan* at ¶ 19, 89 P.3d at 1041.

2.  The petition was refiled under 12 O.S.2001 § 100, the savings statute, which provides:
    If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed.

3.  The appellate record does not indicate that this motion was ever ruled upon.

4.  The case had been assigned to Judge Parrish because Judge Ricks had retired.

5.  We decline to address Plaintiff's argument because the COCA opinion is not sufficiently clear on this issue and because resolution of the issues raised in Mercy's motion to dismiss is dispositive.

¶ 11 We review the granting of dismissal pursuant to District Court Rule 9 for abuse of discretion. *Morris v. City of Okla. City,* 2010 OK CIV APP 27, ¶ 9, 232 P.3d 921. An abuse of discretion standard requires an appellate review of both issues of fact and law. *Christian v. Gray,* 2003 OK 10, ¶ 43, 65 P.3d 591, 608. If an order of dismissal results in a dismissal with prejudice, as here, an appellate court must take a closer look at the circumstances. "Circumstances which would support a finding of lack of 'good cause' and dismissal without prejudice might well not support such a finding when the dismissal is terminal due to [12 O.S.2001] § 100." *Buchanan* at ¶ 26, 89 P.3d at 1042.

## ANALYSIS

¶ 12 District Court Rule 9(b) provides:

Where an action is not diligently prosecuted, the court may require the plaintiff to show why the action should not be dismissed. If the plaintiff does not show good cause why the action should not be dismissed, the court shall dismiss the action without prejudice. A court shall dismiss actions in which no action has been taken for a year as provided in 12 O.S.1981 § 1083.

¶ 13 In *Bicknell v. Randolph,* 2005 OK CIV APP 7, 105 P.3d 843, another division of this Court noted that *Buchanan* requires a two-step analysis before a trial court may grant a Rule 9(b) dismissal: *first,* has the plaintiff failed to show good cause why the cause should not be dismissed; and, *second,* has the defendant been prejudiced by the plaintiff's failure to prosecute. *Id.* at ¶ 6, 105 P.3d at 846. The defendant has the burden of showing prejudice. *Id.* at ¶ 9, 105 P.3d at 847.

¶ 14 In this case, Plaintiff did not attempt to show good cause why his case should not be dismissed. He presented no explanation why summons has still not been properly issued and served upon Mercy even though more than ten years have passed since his original petition was filed. Nevertheless, as noted above, the Supreme Court has long held that the mere passage of time is not alone dispositive of whether an action should be dismissed, and prejudice to the defendant must also be considered. *See also Baker v. Deichman,* 1939 OK 327, 185 Okla. 452, 94 P.2d 246.

¶ 15 On the issue of actual prejudice, Mercy has failed to present any proof. Instead, Mercy recites the long history of the case and then states:

The *full* measure of this prejudice cannot be determined until discovery is attempted. For example, the lack of memory of all relevant witnesses cannot be determined conclusively until they are deposed. Nevertheless, the facts before this Court prove prejudice by any reasonable standard.

In *Buchanan,* the Supreme Court rejected a similar claim where the defendants asserted that, if the case was allowed to proceed, the plaintiffs could not give assurances that their future medical conditions would be sufficiently healthy to allow their participation in discovery and, therefore, a trial *might be delayed* "until some distant undetermined point in the future, and Defendants would be prejudiced by a potentially unresolved claim." *Buchanan* at ¶ 38, 89 P.3d at 1045. The *Buchanan* Court held that the mere *possibility* of prejudice is not enough to sustain the granting of a Rule 9(b) dismissal; a showing of *actual* prejudice is normally required.

¶ 16 Under 12 O.S.2001 § 100, the savings statute, only one refiling is permitted and Plaintiff has already had his only authorized refiling under this statute. As noted above, when a dismissal is terminal, we review the trial court's action using a more finely-adjusted microscope in a search for compelling evidence of actual prejudice. Because Mercy failed to show more than the possibility of prejudice, it failed to sustain its burden of proof and the trial court's finding of prejudice is not supported by the record.

## CONCLUSION

¶ 17 While Plaintiff's conduct was clearly dilatory, we hold that the trial court's dismissal was an abuse of discretion because Mercy failed to show any actual prejudice. For this reason, the order of dismissal is hereby reversed and remanded with di-

rections that this cause be reinstated and that Plaintiff be directed to issue and effect proper service of summons upon Mercy within 30 days of said reinstatement.[6]

¶18 REVERSED AND REMANDED WITH DIRECTIONS.

GOODMAN, J., concurs, and RAPP, J., not participating.

6. As noted in footnote 5, we have addressed the merits of the motion to dismiss primarily because it is not clear whether COCA in its previous opinion intended to allow Mercy to reurge its motion and present evidence bearing upon prejudice. However, the motion to dismiss has now been *fully* litigated and Mercy is hereafter prohibited from reurging dismissal on this basis. Settled law of the case doctrine operates to bar relitigation of issues in a case that are finally settled by an appellate opinion, together with those issues that the parties failed to raise on appeal. *Patel v. OMH Med. Ctr. Inc.*, 1999 OK 33, ¶22, 987 P.2d 1185, 1195; *see also Western Heights Ind. School Dist. No. I–41 v. State ex rel. Okla. Dep't of Educ.*, 2007 OK CIV APP 92, ¶9, 169 P.3d 417, 419–20.