OSCN Found Document:GARCIA v. LANE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 GARCIA v. LANE
2017 OK CIV APP 21
Case Number: 114545
Decided: 03/30/2017
Mandate Issued: 04/26/2017
DIVISION III
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION III
Cite as: 2017 OK CIV APP 21, __ P.3d __

 
OSVALDO GARCIA, Plaintiff/Appellant,
v.
STEVEN LANE, Defendant/Appellee.
APPEAL FROM THE DISTRICT COURT OF
TULSA COUNTY, OKLAHOMA
HONORABLE REBECCA B. NIGHTINGALE, JUDGE
AFFIRMED
Jon Williford, GRIFFIN, REYNOLDS, & ASSOCIATES, Oklahoma City, Oklahoma, for Plaintiff/Appellant,
W.G. "Gil" Steidley, Jr., Stacie L. Hixon, Douglas R. Scott, Mary O'Reilly, STEIDLEY & NEAL, P.L.L.C., Tulsa, Oklahoma, for Defendant/Appellee.
Kenneth L. Buettner, Chief Judge:
¶1 Plaintiff/Appellant Osvaldo Garcia appeals from the trial court's order dismissing the action with prejudice. The trial court dismissed the case with prejudice because Garcia was not ready to proceed with trial on the day of trial. We hold it was within the trial court's inherent power to dismiss the action for failure to prosecute and, given the circumstances, the trial court did not abuse its discretion by dismissing the action with prejudice. AFFIRMED.
¶2 Garcia and Defendant/Appellee Steven Lane were involved in a motor vehicle accident January 22, 2011. Garcia filed a personal injury lawsuit against Lane December 18, 2012. Pre-trial conference was held May 5, 2014. The pre-trial order set the case for jury trial October 6, 2014. Trial was re-set several times due to Garcia obtaining new counsel, a joint motion to continue, the case being re-assigned to a different judge, and Garcia's motion to continue due to illness. Ultimately, the case was set for jury trial September 14, 2015. On the morning of trial, Garcia filed a Motion to Dismiss Without Prejudice, pursuant to 12 O.S. § 684. Lane objected. The trial court heard arguments and denied Garcia's Motion to Dismiss Without Prejudice based on Garcia not providing an explanation for the last minute dismissal, the age of the case, and prejudice to the defense. Garcia's only response was that § 684 did not authorize the trial court to deny his motion and the court was required to issue an order dismissing the case without prejudice. The court ordered to proceed with trial. When asked if Garcia was prepared to proceed with trial, Garcia's counsel announced he was not and that his client was not present. Because Garcia was not ready for trial on the day of trial, the trial court ordered the case dismissed with prejudice. A Journal Entry of Judgment was filed November 20, 2015. Garcia appeals.
¶3 Garcia's first proposition of error is that 12 O.S. § 684 does not permit a trial court to deny a plaintiff's motion to dismiss without prejudice. Issues of statutory construction are questions of law to be reviewed de novo, and appellate courts exercise plenary, independent, and non-deferential authority. Welch v. Crow, 2009 OK 20, ¶ 10, 206 P.3d 599. In cases requiring statutory construction, the cardinal rule is to ascertain and give effect to the intent of the Legislature. Id. The words of a statute will be given their plain and ordinary meaning, unless it is contrary to the purpose and intent of the statute considered as a whole. Naylor v. Petuskey, 1992 OK 88, ¶ 4, 834 P.2d 439.
¶4 The 2013 version of the 12 O.S. § 684 applies in this case.


A. An action may be dismissed by the plaintiff without an order of court by filing a notice of dismissal at any time before pretrial. After the pretrial hearing, an action may only be dismissed by agreement of the parties or by the court. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice.
B. Except as provided in subsection A of this section, an action shall not be dismissed at the plaintiff's request except upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim has been pleaded by a defendant prior to the service upon the defendant of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaims can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this subsection is without prejudice.


12 O.S.Supp.2014 § 684(A)-(B) (emphasis added).[1] Garcia's Motion to Dismiss Without Prejudice was made after the pre-trial hearing, and the parties did not agree to dismissing the action. Therefore, a court order was required.
¶5 We hold the plain and ordinary meaning of the language in 12 O.S.Supp.2014 § 684(A) and (B) permits the trial court to deny a plaintiff's request to dismiss an action after pre-trial. This interpretation is consistent with the purpose and intent of the Legislature. The previous version of the statute permitted the plaintiff to dismiss a case without a court order any time before trial:


A. Except as provided in Section 5 of this act, an action may be dismissed on the payment of costs and without an order of court by the plaintiff at any time before a petition of intervention or answer praying for affirmative relief against the plaintiff is filed in the action. A plaintiff may, at any time before the trial is commenced, on payment of the costs and without any order of court, dismiss the action after the filing of a petition of intervention or answer praying for affirmative relief, but such dismissal shall not prejudice the right of the intervenor or defendant to proceed with the action.


12 O.S.Supp.2004 § 684(A) (emphasis added). In the 2013 version of the statute, the Legislature deliberately limited a plaintiff's ability to dismiss an action at the eleventh hour by requiring either the agreement of the parties or a court order. Garcia's suggestion that the trial court is required to issue an order dismissing the action upon the plaintiff's request is in direct conflict with the plain language of the statute and the intent of the Legislature.
¶6 Second, Garcia contends the trial court did not have authority to dismiss this case with prejudice.
¶7 The Oklahoma Supreme Court has recognized a court's inherent power to dismiss an action because of a party's failure to prosecute an action. See Boston v. Buchanan, 2003 OK 114, ¶ 14, 89 P.3d 1034; Winters v. City of Okla. City, 1987 OK 63, ¶¶ 8-9, 740 P.2d 724.


[T]he district court has the discretion to dismiss a case for failure to prosecute, and the discretion to dismiss an action for lack of diligence in prosecution is an aspect of a court's inherent power recognized at common law "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."


McCamey v. Med. Ctrs. of Okla., LLC, 2016 OK CIV APP 5, ¶ 10, 365 P.3d 515 (quoting Boston, 2003 OK 114, ¶ 35, n.9). Oklahoma appellate courts have found where the issues were duly joined, the case came on for trial, and the plaintiff refused to proceed, the trial court properly dismissed the action. See Nwachuku v. Yellow Cab Co., Inc., 1995 OK CIV APP 31, ¶ 6, 895 P.2d 741 (citing Lamme v. Skelton, 1923 OK 582, ¶ 1, 233 P. 705).
¶8 Garcia argues this case mirrors Goins v. Fox, 1958 OK 266, 332 P.2d 220, in which the Oklahoma Supreme Court found the trial court exceeded its statutory power under 12 O.S. § 683 by dismissing an action with prejudice. In Goins, the trial court did not identify statutory or common law grounds for dismissing the action with prejudice, but the plaintiff argued and the Supreme Court agreed it was apparent the trial court was acting under its statutory power, rather than the trial court's broad inherent powers. See id. ¶¶ 7-8. According to § 683, the trial court, on its own initiative, may dismiss an action without prejudice if a plaintiff disobeys an order of the court.[2] Dismissals pursuant to § 683 must be without prejudice. See Points v. Okla. Publ'g Co., 1983 OK 62, ¶ 2, n.2, 672 P.2d 1146. In Goins, the dismissal was due to the plaintiffs disobeying orders in cases previously dismissed, not the pending case, and the Supreme Court ultimately held there was no basis in the record or law to justify a dismissal of the action either with or without prejudice. See Goins, 1958 OK 266, ¶ 14.
¶9 Garcia does not argue the trial court dismissed the action with prejudice pursuant to its § 683 authority as the Goins plaintiffs argued. Garcia suggests the court's dismissal with prejudice was pursuant to § 684 and that § 684 requires the plaintiff's consent to dismiss with prejudice. In his brief in chief, Garcia contends:


While the Goins Court relied primarily upon 12 O.S.1951 section 683, the same rationale and reasoning would apply here. First and foremost, there has been no disobedience by the Plaintiff/Appellant. The present case has already passed the pretrial conference, thus section 684 would apply. The only authority for dismissing with prejudice must be found either in the statute or some other case law. Section 684 never mentions any authority to dismiss with prejudice.


Garcia misconstrues § 684 and the court's order. Section 684 does not authorize the court to dismiss an action with or without prejudice on its own initiative. The trial court did not, in its remarks during the hearing or in the judgment, identify § 684 or any other statutory grounds for the dismissal. Unlike Goins, here, the trial court's exercise of authority under § 683 to dismiss the action is not apparent. The trial court dismissed the case because Garcia's counsel was not ready to proceed with trial on the day of trial. This comes within the trial court's inherent authority to dismiss the action for failure to prosecute.
¶10 Since the Goins decision, the Oklahoma Supreme Court has rejected the notion that 12 O.S. § 683 or other statutes are the exclusive grounds for dismissal upon a plaintiff's failure to prosecute. See Boston, 2003 OK 114, ¶ 14, n.5. The Oklahoma Supreme Court has cited with approval the United States Supreme Court's holding that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." Link v. Wabash R.R. Co., 370 U.S. 626, 630-31 (1962) (emphasis added); see Winters v. City of Okla. City, 1987 OK 63, ¶ 9, 740 P.2d 724. Similar to § 683, Rule 9(b) of the Rules for District Courts authorized dismissal without prejudice for failure to diligently prosecute.[3] Rule 9 has been stricken. However, the court's inherent power to dismiss an action for failure to prosecute remains.[4] Likewise, the court's inherent power to dismiss an action for failure to prosecute is independent of § 683. Therefore, we hold it is within the trial court's inherent authority to dismiss the action for failure to prosecute when the plaintiff is not ready to proceed with trial on the day of trial.
¶11 Lastly, Garcia argues the trial court abused its discretion by dismissing the action with prejudice. Granting or denying a motion to dismiss based on failure to comply with a procedural rule or for failure to prosecute involves the exercise of judicial discretion. See Morris v. Okla. City, 2010 OK CIV APP 27, ¶ 9, 232 P.3d 921. Therefore, we will affirm the trial court's sua sponte dismissal of the action unless there is an abuse of discretion. See Link, 370 U.S. at 633; Boston, 2003 OK 114, ¶ 35, n.9. An abuse of discretion occurs if a decision is based on an erroneous conclusion of law or where there is no rational basis in evidence for the ruling. See Smith v. City of Stillwater, 2014 OK 42, ¶¶ 10-11, 328 P.3d 1192. When the trial court's dismissal is with prejudice, the appellate court must take "a hard look at the circumstances." Boston, 2003 OK 114, ¶ 26; see Nelson v. Mercy Health Ctr., Inc., 2010 OK CIV APP 101, ¶ 11, 241 P.3d 276. Circumstances which would support dismissal without prejudice may well not support such a finding when the dismissal is terminal. See Boston, 2003 OK 114, ¶ 26.
¶12 Garcia makes the blanket assertion that the trial court abused its discretion by dismissing the action with prejudice. Garcia points to the trial court's lack of authority, which we have already addressed, and public policy in favor of a decision on the merits. In Boston v. Buchanan, the Supreme Court commented that public policy favors the court's inherent power to dismiss an action for failure to prosecute no less than a plaintiff's interest in having a matter tried on its merits. See Boston, 2003 OK 114, ¶ 25. The Court of Civil Appeals has summarized this balancing act:


While we are mindful that litigation should be determined and disposed of as rapidly as possible, it is also important that all litigants be given a reasonable opportunity to have their rights and liberties tried upon the merits. Trial courts should be mindful of the policy favoring the deciding of legal controversies on their merits and if the order results in dismissal with prejudice, the court must take a closer look at the circumstances.


Gugello v. Select Specialty Hospital-Tulsa, Inc., 2006 OK CIV APP 102, ¶ 16, 143 P.3d 519 (quotations omitted); see Wells Fargo Bank, N.A. v. Kindle, 2014 OK CIV APP 67, ¶ 17, 332 P.3d 302. Aside from his legal arguments based on public policy and the trial court's authority, Garcia has not offered any specific reasons as to how the trial court abused its discretion.
¶13 After carefully considering the circumstances of this case and balancing the opposing public policy concerns, we hold the trial court did not abuse its discretion by dismissing the action with prejudice. There is a rational basis in the evidence for the trial court's ruling. Foremost, Garcia has never offered to the trial court or this Court an excuse or reason for seeking a late dismissal or for not being ready to proceed with trial when his motion was denied. It appears he trusted that the trial court would grant his § 684 motion to dismiss without prejudice and was not prepared for trial in the event the motion was denied. Garcia had a reasonable opportunity to have the case tried on its merits September 14, 2015. He had ample time to prepare for trial. The case was filed in December 2012. Pre-trial was in May 2014, sixteen months before trial. The trial date was set in January. He had notice of the trial date, and his counsel appeared. We also recognize Lane spent time and money preparing for trial and that there will be additional litigation expenses if the matter is dismissed without prejudice and Garcia re-files.
¶14 This case can be distinguished from other appellate decisions finding the trial court abused its discretion by dismissing an action with prejudice.[5] This case is more similar to Morris v. Okla. City, 2010 OK CIV APP 27, 232 P.3d 921, where the appellate court held it was not an abuse of discretion to dismiss the action with prejudice, because the plaintiff provided no justifiable reason or excuse for failure to serve defendant with summons for four years. See id. ¶ 15. Garcia has failed to provide a justifiable reason or excuse for not being prepared for trial.
¶15 AFFIRMED.
MITCHELL, P.J., and SWINTON, J., concur. 
FOOTNOTES
[1] Title 12, § 684 was amended in 2009 and provided the same language as the 2013 version. However, the Comprehensive Lawsuit Reform Act of 2009 was held unconstitutional and void in its entirety in Douglas v. Cox Ret. Props., Inc., 2013 OK 37, ¶ 12, 302 P.3d 789, and § 684 was repealed. Section 684 was then enacted by Laws 2013, 1st Ex.Sess., c. 13, §§ 5, 6, eff. Dec. 9, 2013. 
[2] Title 12, § 683 provides:
Except as provided in Section 684.1 of this title, an action may be dismissed, without prejudice to a future action:
1. By the plaintiff, before the final submission of the case to the jury, or to the court, where the trial is by the court;
2. By the court, where the plaintiff fails to appear on the trial;
3. By the court, for the want of necessary parties;
4. By the court, on the application of some of the defendants, where there are others whom the plaintiff fails to prosecute with diligence;
5. By the court, for disobedience by the plaintiff of an order concerning the proceedings in the action; and
6. In all other cases, upon the trial of the action, the decision must be upon the merits.
12 O.S.Supp.2014 § 683. 
[3] Rule 9(b) of the Rules for District Courts provided:


Where an action is not diligently prosecuted, the court may require the plaintiff to show why the action should not be dismissed. If the plaintiff does not show good cause why the action should not be dismissed, the court shall dismiss the action without prejudice. A court shall dismiss actions in which no action has been taken for a year as provided in 12 O.S.1981 § 1083.


Rule 9(b), Rules for District Courts, 12 O.S.2011 ch. 2, app. Rule 9 was stricken in its entirety after the Supreme Court found that the time limit for service of summons in Rule 9(a) directly conflicted with the statutory time limit specified in 12 O.S. § 2004. See Cornett v. Carr, 2013 OK 30, ¶ 13, 302 P.3d 769. Cornett did not address dismissal for failure to prosecute authorized by Rule 9(b). 
[4] Division II of the Court of Civil Appeals has explained:


As the Boston Court noted, independent of the authority granted in Rule 9(b), the district court has the discretion to dismiss a case for failure to prosecute, and the discretion to dismiss an action for lack of diligence in prosecution is an aspect of a court's inherent power recognized at common law "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Boston, 2003 OK 114, n. 9, 89 P.3d 1034. The Boston Court also noted that Rule 9 rests on that inherent power. Id. ("To the extent that Rule 9 rests upon an exercise of this Court's inherent power, that language is construed according to previously articulated common-law standards, that is, an exercise of sound judicial discretion utilizing applicable court opinions, Constitution, and statutes."). Therefore, pronouncements in Boston regarding the facts and circumstances to be considered on appellate review of a dismissal for failure to prosecute remain relevant.


McCamey v. Med. Ctrs. of Okla., LLC, 2016 OK CIV APP 5, ¶ 10, 365 P.3d 515. 
[5] See McCamey v. Medical Ctrs. of Okla., LLC, 2016 OK CIV APP 5, ¶ 21, 365 P.3d 515 (holding it was an abuse of discretion to dismiss the action with prejudice for failure to diligently prosecute under Rule 9(b) when the plaintiff's personal representative was recently substituted as the party and had participated in a status conference); Wells Fargo Bank, N.A. v. Kindle, 2014 OK CIV APP 67, ¶¶ 15, 17, 18, 332 P.3d 302 (holding it was an abuse of discretion to dismiss the action with prejudice for failure to prosecute when the plaintiff failed to appear at a disposition hearing, but the face of the judgment roll did not indicate the plaintiff had notice of the disposition docket); Nelson v. Mercy Health Ctr., Inc., 2010 OK CIV APP 101, ¶¶ 14, 16, 241 P.3d 276 (holding it was an abuse of discretion to dismiss the action with prejudice for failure to diligently prosecute under Rule 9(b) because the defendant failed to show any actual prejudice as a result of the plaintiff not properly serving defendant with summons for 10 years). Garcia had notice of the trial date, and there is significant prejudice to Lane. Garcia notified Lane the Friday before trial was to start on Monday that he intended to dismiss the case without prejudice. After his motion was denied the morning of trial, Garcia announced to the court he was not ready to proceed with trial.




 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 1995 OK CIV APP 31, 895 P.2d 741, 66 OBJ 1699, Nwachuku v. Yellow Cab Co., Inc.
Discussed
 2006 OK CIV APP 102, 143 P.3d 519, GUGELLO v. SELECT SPECIALTY HOSPITAL-TULSA, INC.
Discussed
 2010 OK CIV APP 27, 232 P.3d 921, MORRIS v. CITY OF OKLAHOMA CITY
Discussed at Length
 2010 OK CIV APP 101, 241 P.3d 276, NELSON v. MERCY HEALTH CENTER, INC.
Discussed at Length
 2014 OK CIV APP 67, 332 P.3d 302, WELLS FARGO BANK, N.A. v. KINDLE
Discussed at Length
 2016 OK CIV APP 5, 365 P.3d 515, MCCAMEY v. MEDICAL CENTERS OF OKLAHOMA, LLC
Discussed at Length
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1987 OK 63, 740 P.2d 724, 58 OBJ 2066, Winters v. City of Oklahoma City
Discussed at Length
 1992 OK 88, 834 P.2d 439, 63 OBJ 1834, Naylor v. Petuskey
Discussed
 1958 OK 266, 332 P.2d 220, GOINS v. FOX
Discussed at Length
 1923 OK 582, 233 P. 705, 106 Okla. 214, LAMME v. SKELTON
Discussed
 2003 OK 114, 89 P.3d 1034, BOSTON v. BUCHANAN
Discussed at Length
 2009 OK 20, 206 P.3d 599, WELCH v. CROW
Discussed
 2013 OK 30, 302 P.3d 769, CORNETT v. CARR
Discussed
 2013 OK 37, 302 P.3d 789, DOUGLAS v. COX RETIREMENT PROPERTIES, INC.
Discussed
 2014 OK 42, 328 P.3d 1192, SMITH v. CITY OF STILLWATER
Discussed
 1983 OK 62, 672 P.2d 1146, Points v. Oklahoma Pub. Co.
Discussed
Title 12. Civil Procedure
 Cite
Name
Level

 12 O.S. 683, Dismissal without Prejudice
Discussed
 12 O.S. 684, Dismissal before Trial Commenced without Court Order
Discussed at Length
 12 O.S. 1083, Actions in Which No Pleadings Filed or Other Action Taken for One Year - Dismissal
Cited
 12 O.S. 2004, 12 O.S. 2004, Process
Cited